IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA ~~RECEIVED~~
NORTHERN DIVISION

2006 SEP 11  A 11: 43

| | | |
|---|---|---|
| MARTIN O. LONG, | * | |
| Plaintiff, | * | |
| vs. | * | Case Number: 2 : 06 cv 816 · MHT |
| STATE FARM FIRE AND CASUALTY COMPANY, | * | |
| | * | |
| Defendant. | | |

## <u>NOTICE OF REMOVAL</u>

Defendant State Farm Fire and Casualty Company (hereinafter "State Farm") gives notice, with full reservation of all defenses, that this cause is hereby removed from the Circuit Court of Elmore County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division. As grounds for the removal of this action, State Farm shows unto the Court as follows:

1.      This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of cases.

2.      Plaintiff Martin O. Long instituted this civil action number CV-06-310 in the Circuit Court of Elmore County, Alabama, on or about June 14, 2006, against State Farm.

3.      Plaintiff alleges that State Farm breached a contract; namely, a policy of auto insurance under which Plaintiff was an insured. Complaint ¶¶ 1–15. Plaintiff also alleges bad faith. Complaint ¶ 16. Plaintiff demands compensatory and punitive damages. Complaint ¶ 15-18.

Plaintiff does not specify the exact amount of the damages he claims. Complaint, generally.

4.    The Summons and original Complaint were served on Defendant on or about August 22, 2006.

5.    A true and correct copy of the materials served upon Defendant is attached hereto as Exhibit "A." Because this Notice of Removal is filed within 30 days of service of the summons and/or complaint upon the defendant, it is timely under 28 U.S.C. § 1446(b). All properly joined and served defendants join in this notice of removal.

6.    This action originally could have been filed in this Court under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the properly joined parties and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## I.    COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PROPERLY JOINED PARTIES.

7.    As set forth below, there is complete diversity of citizenship between the properly joined parties.

8.    Plaintiff is and was at the institution of this civil action an adult resident citizen of the State of Alabama. Complaint ¶ 2.

9.    Defendant State Farm is, and was at the institution of this civil action, a corporation organized and existing under the laws of the State of Illinois with its principal place of business in the State of Illinois. As a result, State Farm is not now and was not at the time of the filing of the Complaint, a citizen and resident of the State of Alabama within the meaning of the Acts of Congress related to the removal of causes.

10.    The only defendant listed in the style is State Farm. Accordingly, all properly named

2

parties are diverse for purposes of removal.

## II.     THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED.

11.     Plaintiff claims compensatory damages as a result of State Farm's alleged breach of contract.     Complaint ¶ 15, 17-18.     While Plaintiff does not specify the exact amount of compensatory damages he claims, he does contend that his State Farm insurance policy included coverage for the value of his car and that he purchased that car for Twenty-five Thousand Dollars ($25,000). Complaint ¶ 5-6. Plaintiff alleges that his car was stolen approximately 15 days after he purchased it and that, when police later found the car, it was "severely damaged." Complaint ¶ 10-11 Plaintiff also claims compensatory damages based on the alleged loss of personal property that Plaintiff claims was inside his car when it was supposedly stolen. Complaint ¶ 11, 13-15, 17. Plaintiff also claims mental anguish as a component of compensatory damages. Complaint ¶ 15, 17.

12.     Plaintiff also seeks punitive damages, although the Complaint does not specify a monetary amount for such damages. Complaint  ¶ 17-18.

13.     Cases in Alabama seeking punitive damages for bad faith have commonly resulted in verdicts in excess of $75,000.00.  See, e.g., National Ins. Ass'n v. Sockwell, 829 So. 2d 111 (Ala. 2002) (affirming an award of $600,000.00 in punitive damages for a bad faith investigation and failure to pay insurance claim); Slade v. State Farm Fire & Casualty Co., 747 So. 2d 293 (Ala. 1999) (awarding $301,500.00 punitive damages verdict to plaintiffs for bad faith failure to pay after lightning struck their home); Auto-Owners Insurance Co. v. Ogden, 667 So. 2d 743 (Table) (Ala. 1995), opinion withdrawn but judgment affirmed, 667 So. 2d 743 (Ala. 1995) (affirming $500,000 punitive damages verdict for plaintiffs in bad faith action for failure to pay homeowner's insurance

claim after plaintiffs' house was damaged by fire). [1]

14.     As noted, Plaintiff claims that his automobile insurance policy provides coverage for the value of his vehicle, that he purchased his vehicle for Twenty-five Thousand Dollars ($25,000.00) and that the vehicle was "severely damaged." Plaintiff also claims compensatory damages for loss of personal property and for mental anguish. See generally, National Ins. Ass'n v. Sockwell, 829 So. 2d 111 (Ala. 2002) (recognizing that mental anguish damages are recoverable in bad faith cases). Therefore, the amount of compensatory damages in controversy in this case is in excess of Twenty-five Thousand Dollars ($25,000.00). Even ignoring Plaintiff's claim for mental anguish damages, in order to show the $75,000.00 amount in controversy necessary to establish diversity jurisdiction, the amount of punitive damages in controversy in this case must be shown to be approximately Fifty Thousand Dollars ($50,000.00), which is approximately twice the amount of compensatory damages in controversy (ignoring mental anguish damages). A multiplier of two would appear to meet the due process requirements of Campbell v. State Farm, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003).

Alabama cases make it clear that bad faith cases involve substantial multipliers of compensatory to punitive damages. Brown v. Acceptance Ins. Co., 832 So. 2d 1 (Ala. 2001) (bad faith verdict for failure to defend in the amount of $60,000.00 in compensatory damage and $300,000.00 punitive damages, punitive damages remitted to $180,000.00). National Insurance

---

[1]     In addition, data available from the Administrative Office of Courts ("AOC") for Montgomery County cases indicated that of reported cases for 1999, two cases against insurance companies resulted in punitive damage verdicts of $200,000.00 and $100,000.00. The compensatory damages in those cases were $300,000.00 and $34,000.00 respectively. See Exhibit "B." When asked if this information was available after September of 1999, the AOC personnel said that because of inadequate funding, the information could not be provided.

Association v. Sockwell, 829 So. 2d 111 (Ala. 2002) (award of $201,000.00 in compensatory damages and $600,000.00 in punitive damages affirmed in bad faith case).

Accordingly, if the above is reviewed *in toto*, Defendant avers that it has met its burden by a preponderance of the evidence that the amount in controversy clearly exceeds $75,000.00, exclusive of interest and costs. See, Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1359 (11th Cir. 1996), overruled in part, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000) (when plaintiff makes an unspecified claim for damages, removing party need only show by a preponderance of the evidence that amount in controversy exceeds jurisdictional limit); Holley Equip. Co. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in diversity cases, punitive damages must be considered."); Swafford v. Transit Cas. Co., 486 F. Supp. 175, 177 (N.D. Ga. 1980) ("It is clear that in determining the jurisdictional amount in controversy, punitive damages are to be counted.") (citing Bell v. Preferred Life Assurance Society, 320 U.S. 238, 64 S. Ct. 5 (1943)).

## III.   THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.

15.   As set forth above, this Notice of Removal is filed within thirty days of service of the Summons and Complaint upon the Defendant.

16.   Defendant will file with the Clerk of Court of Elmore County, Alabama, a copy of this Notice and certify that it will promptly give notice of removal to all adverse parties, as required by law.

17.   The prerequisites for removal under 28 U.S.C. § 1441 have been met.

WHEREFORE, Defendant, desiring to remove this case to the United States District Court for the Middle District of Alabama, Northern Division, being the district and division of said Court

5

for the County in which the state court action is pending, prays that the filing of this Notice of

Removal with the Clerk of this Court and a copy with the Circuit Court of Elmore County, Alabama,

shall effect the removal of said suit to this Court.


JAMES B. NEWMAN (NEWMJ8049)
Attorney for Defendant State Farm Fire
and Casualty Company

OF COUNSEL:
HELMSING, LEACH, HERLONG,
    NEWMAN & ROUSE
POST OFFICE BOX 2767
MOBILE, ALABAMA  36652
(251) 432-5521
Email: jbn@helmsinglaw.com


## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing upon all parties to this cause, or their attorney of record, by placing same in the United States Mail, postage prepaid, and addressed to their regular mailing addresses, or by hand delivery, as follows:

F. Tucker Burge
Burge & Burge
2001 Park Place North, Suite 850
Birmingham, Alabama  35203

this _____ day of September, 2006.


OF COUNSEL

Doc 117303

6

01-6596-564

## CIRCUIT COURT OF ELMORE COUNTY, ALABAMA

RECEIVED
AUG 22 2006
HUMAN RESOURCES RECORDS
REC'D EXECUTIVE

MARTIN O. LONG,

    Plaintiff,

vs.

STATE FARM FIRE & CASUALTY
COMPANY, a corporation,

    Defendant.

CIVIL ACTION NO.  AUG 22 2006

CV 06-310    _Ashi Wash_
              10-30

RECEIVED BY US MAIL
OR COMMERCIAL COURIER

JUL 1 0 2006

ALABAMA DEPT OF INSURANCE
EXAMINERS DIVISION

### S U M M O N S

TO ANY SHERIFF IN THE STATE OF ALABAMA:

    You are hereby commanded to serve this summons and a copy of the complaint in this action upon defendant State Farm Fire & Casualty Company, c/o Commissioner of Insurance, Post Office Box 303351, Montgomery, Alabama 36130-3351 (CERTIFIED MAIL).

    Each defendant is required to serve a written answer to the complaint upon F. Tucker Burge, Burge & Burge, 2001 Park Place #850, Birmingham, Alabama 35203 within thirty (30) days after service of this summons with the exclusion of the day of service, and to file the original of the said written answer with the Clerk of this Court within the said thirty-day period. If any defendant fails to do so, a judgment by default may be entered against that defendant for the relief claimed in the complaint.

DATED: 6/26/06          _Larry Dozier_
                          CLERK OF THE COURT

01-6596-564  LT

1

DEFENDANT'S
EXHIBIT

A

IN THE CIRCUIT COURT OF ELMORE COUNTY, ALABAMA

Martin O. Long
**Plaintiff,**

vs.

State Farm Fire + Casualty
Company
**Defendant**

Case No. CV-06-310

JUN. 2 6 2006

## ORDER FOR NON-FILING OF CIVIL DISCOVERY

Pursuant to Rule 5 A.R.Civ.P. (as amended) it is ORDERED that unless the Court directs otherwise, in this cause:

1. Interrogatories, requests for production, requests for admissions and responses thereto, and notices of depositions shall be served in accordance with Rule 5(b), A.R.Civ.P., but shall not be filed with the Clerk except upon order of the Court or, for use at trial or in connection with motions. The party responsible for service of the discovery material shall retain the original and become the custodian.

2. No notice of deposition or depositions shall be filed with the Clerk unless the Court directs otherwise, or unless in support of or in opposition to a motion. Counsel who notices a deposition shall be the custodian of the deposition and shall maintain the original for filing if the Court so directs.

3. If discovery materials are germane to any motion or response, only the relevant material shall be filed with the motion or response.

4. Whenever any discovery material (request, response, notice) is served, counsel shall contemporaneously deliver to the Clerk a notice identifying the date of service and the nature of the material served or the first and last page of the document served including the certificate of service. These notices shall be maintained by the Clerk with the civil action file but will not be docketed.

5. During the pendency of any case the custodian of any discovery material shall provide to counsel for all other parties reasonable access to the material and an opportunity to duplicate the material at the expense of the copying party, and any other person may with leave of Court obtain a copy of any discovery material from its custodian upon payment of the expense of the copy.

DONE and ORDERED the _____ day of _____

_____
BEN A. FULLER - Circuit Judge

# CIRCUIT COURT OF ELMORE COUNTY, ALABAMA

MARTIN O. LONG,

    Plaintiff,

vs.

STATE FARM FIRE & CASUALTY
COMPANY, a corporation,

    Defendant.

CIVIL ACTION NO.

CV 06 - 310



JUN 14 2006

LARRY DOZIER
CIRCUIT CLERK, ELMORE COUNTY

## COMPLAINT

### I. NATURE OF THE CASE

**1.**

This case arises out of an insurance dispute. The Plaintiff purchased insurance coverage from the Defendant to insure a Corvette. When the car was stolen, stripped and largely destroyed, Plaintiff submitted a claim under the policy. The Defendant denied the claim based upon its false and unsupported allegations that the Plaintiff was a party to the theft and that the Plaintiff misrepresented material facts in the presentation of his claim. The Plaintiff seeks all damages available under the laws of Alabama for the Defendant's breach of the insurance contract and its bad faith in its handling and refusing to honor this claim.

### II. PARTIES

**2.**

The Plaintiff, Martin O. Long, is an individual resident of Elmore County, Alabama, and has been at all times referred to herein.

1

### 3.

Defendant State Farm Fire & Casualty Company is a foreign corporation in the business of soliciting, marketing and selling insurance policies. At all times referred to herein, State Farm Fire & Casualty Company was soliciting, marketing and selling insurance policies in Elmore County, Alabama.

### 4.

Defendant State Farm Fire & Casualty Company sold to the Plaintiff the policy of insurance that is the subject of this action. The sale of this policy occurred in Elmore County, Alabama.

## III.  FACTS

### 5.

On February 4, 2005, Plaintiff Martin Long realized his long-held dream to own a Chevrolet Corvette automobile. He bought the 2000 model Corvette from City Auto Sales in Jefferson County, Alabama, after looking for months to find just the one he wanted. The purchase price for this car was Twenty-Five Thousand and 00/100 Dollars ($25,000.00). The Plaintiff paid for the car in full with a cashier's check issued by Regions Bank.

### 6.

The Plaintiff arranged for the Defendant to insure this car before he purchased it, because he wanted to be sure that he had full coverage when he drove he car home from the car dealer after the purchase. The day after buying the car, the Plaintiff drove the Corvette to the offices of Mike Deavers Insurance Agency, Inc., in Millbrook, Alabama. Through this agency he purchased a policy of insurance on the car from Defendant State Farm Fire & Casualty Company.

2

The insurance policy purchased included coverage for the value of the car in the event that the car was stolen.

### 7.

The Corvette was in good working order throughout the time that the Plaintiff owned it. After buying the car, the Plaintiff enhanced the car by adding a new set of rims and tires and some additional decals and ornaments. He purchased license tags for the car and had the title put in his name.

### 8.

The Plaintiff had never been prouder to own a car in his life. He showed his Corvette to friends and relatives.

### 9.

On or about February 18, 2005, the Plaintiff took his car on a trip to Georgia. He stayed at the Country Hearth Inn and Suites in Lithonia, Georgia. He parked his car in the hotel's parking lot under some lights and in view of security cameras. — Was it recorded?

### 10.

The next day, February 19, 2005, the Plaintiff discovered that his car was not in the parking lot where he left it. Scattered pieces of glass lay next to where he had left his car the night before. The Plaintiff notified the management of the Country Hearth Inn and Suites that his car had been stolen. He called the Dekalb County Police Department to report the theft and a police report was completed over the telephone. After notifying the police of what had happened, the Plaintiff notified the Defendant of the theft.

3

**11.**

When the car was recovered by the police on February 25, 2005, it was severely damaged. Some parts had been stripped out of the car, others had been broken and the Plaintiff's personal contents that had been inside the car were missing.

**12.**

The Plaintiff cooperated with the Defendant throughout its investigation of the claim. He notified the Defendant of the loss on the day he discovered it. He provided the Defendant with personal information that it requested, including bank records, tax returns, telephone records, documentation of the settlement of his personal injury claim against CSX Transportation, Inc., a copy of the cashier's check he used to buy the car and the settlement agreement concerning his divorce. He provided the Defendant with the numerous statements that it requested. He completed all the claim and inventory forms that the Defendant asked for.

**13.**

The Defendant delayed and delayed its decision on the Plaintiff's claim. Without interviewing all of the available witnesses to this crime, the Defendant ultimately refused to pay for the damages and losses arising out of the car's theft. On June 29, 2005, State Farm denied the Plaintiff's claim stating that "a 'loss' as defined in the policy has not occurred as the destruction of the insured vehicle was by or at the direction of an insured."

**14.**

The Plaintiff did not destroy the insured vehicle, nor was the destruction to his vehicle done at his direction. The Plaintiff does not know who stole his car, who damaged his car or who stole the contents in his car. What the Plaintiff does know is that he paid the Defendant to

4

insure the car and when he made a claim under the policy, the Defendant not only refused to honor its obligation under the contact, its representatives falsely accused him of criminal conduct.

## IV.  FIRST CAUSE OF ACTION - BREACH OF CONTRACT

### 15.

The Plaintiff avers that the Defendant breached a valid insurance contract with the Plaintiff by failing to honor its end of the bargain by paying for his losses associated with the theft and damage to his automobile and its contents.  As a consequence of the Defendant's breach of this insurance contract, the Plaintiff claims a sum that would put him in the same condition that he would have occupied if the contract had not been breached, plus interest.  In addition, the Plaintiff claims damages for the mental anguish associated he has suffered due to the Defendant's breach of contract.

## V.  SECOND CAUSE OF ACTION
## BAD FAITH

### 16.

The Plaintiff claims that the Defendant insurer has violated its duty of good faith and fair dealing by refusing to pay the Plaintiff's claim when there was no reasonably legitimate, arguable or debatable reason for its refusal to pay and by intentionally failing to determine whether there was a reasonably legitimate, arguable or debatable reason to pay the Plaintiff's claim.  Plaintiff avers that the Defendant failed to properly investigate his claim, that its investigation was unduly biased, and that the results of the investigation were not subjected to a reasoned and informed evaluation and review.

5

## VI.  DAMAGES

### 17.

As damages for the Defendant's misconduct, the Plaintiff seeks compensatory damages for the mental stress and economic losses that he has suffered as a result of the Defendant's refusal to promptly and properly investigate and pay his claim.  In addition, he seeks punitive damages to punish the Defendant for its bad faith and to protect the public by deterring the Defendant and others from doing such wrong in the future.

### 18.

The Plaintiff seeks compensatory damages in an amount that exceeds the jurisdictional threshold for this Court.  In addition, the Plaintiff seeks punitive damages in an amount to be determined by a fair and enlightened jury.

## VII.  JURY DEMAND

### 19.

Plaintiff demands a trial by jury.

BURGE & BURGE

F. TUCKER BURGE
2001 PARK PLACE NORTH #850
BIRMINGHAM, AL  35203
(205)251-9000
(205)323-0512 (FACSIMILE)

6

## CIRCUIT COURT OF ELMORE COUNTY, ALABAMA

MARTIN O. LONG,                                          )
                                                         )
    Plaintiff,                       )           **CIVIL ACTION NO.**
                                                         )
vs.                                                      )           CN 06-310
                                                         )
STATE FARM FIRE & CASUALTY                               )
COMPANY, a corporation,                                  )
                                                         )
    Defendant.                       )

FILED
JUN 1 4 2006
LARRY DOZIER
CIRCUIT CLERK, ELMORE COUNTY

### INTERROGATORIES TO DEFENDANT

Comes now your Plaintiff, pursuant to the Alabama Rules of Civil Procedure, and serves these interrogatories upon the Defendant, State Farm Fire & Casualty Company, to be answered under oath and in accordance with the Alabama Rules of Civil Procedure and within the time required by law. These interrogatories shall be deemed continuing so as to require supplemental answers if the person to whom the interrogatory is addressed obtains further information between the time the answers are served and the time of trial. Each interrogatory is addressed to the personal knowledge of the Defendant as well as the knowledge and information of the Defendant's attorneys, investigators, agents, employees and other representatives. When a question is directed to the Defendant, the question is also directed to the aforementioned persons.

### INTERROGATORIES

1.

State the name, title or position, address and telephone number of the person answering these interrogatories.

**ANSWER:**

1

**2.**

With regard to the claim for insurance benefits submitted by Plaintiff, state:

(a)     The date you first received such a claim.

(b)     The basis for denying the claim.

(c)     List and identify each and every document, recordation, telephonic memorandum, note, or other document of any nature whatsoever which you have possession of concerning Plaintiff's claim for insurance benefits, and for each such document state:

      (1)     the title of the document;

      (2)     the author of the document;

      (3)     the date of the document; and

      (4)     the person who is the custodian of such document and that person's address and telephone number.

(d)     List each and every ground upon which you base your denial of Plaintiff's claim and for each such ground state:

      (1)     each and every witness who has knowledge of the basis of the denial;

      (2)     list each and every document, recordation, or recording, of any nature whatsoever which supports your denial of insurance benefits; and

      (3)     state any other fact upon which you intend to rely in support of the denial of Plaintiff's claim.

**ANSWER:**

2

3.    With regard to each of your affirmative-defenses, state:

  (a) The name, address and telephone number of each and every witness who you contend has knowledge or facts concerning the basis of each affirmative defense.

  (b) List each and every document or other tangible piece of evidence upon which you intend to rely in support of each and every affirmative defense.

  (c) Give a brief factual statement as to the basis of each and every defense upon which you intend to rely.

**ANSWER:**

4.    Do you have in your possession a copy of the check which was tendered as payment for the premium on the policy of insurance which insured the Plaintiff? If so, state:

  (a) The name, address and telephone number of the person who has possession of a copy of this document or draft.

  (b) The present location of the copy of the check.

**ANSWER:**

5.    State in detail every action taken by the Defendant in its investigation into the Plaintiff's reported loss. For each such detail, state:

  (a) Each and every witness who has knowledge of that portion of the investigation.

3

(b)      List each and every document, recordation, or recording, of any nature whatsoever which reflects that aspect of the investigation.

**ANSWER:**


6.      State in detail all facts upon which this Defendant relied in the factual assertion it made on June 29, 2005, in a letter to counsel for the Plaintiff that "based on the investigation, we must advise you a 'loss' as defined in the policy has not occurred as the destruction of the insured vehicle was by or at the direction of an insured. We must additionally advise you that our investigation has established that your client misrepresented material facts in the presentation of his claim." In response to this interrogatory state:

(a)      Each and every witness who has knowledge of any facts in support of this statement.

(b)      List each and every document, recordation or recording of whatever nature whatsoever which supports the Defendant's contention made in that letter.

**ANSWER:**


4

BURGE & BURGE

F. TUCKER BURGE
2001 PARK PLACE NORTH #850
BIRMINGHAM, AL  35203
(205)251-9000
(205)323-0512 (FACSIMILE)

5

### CIRCUIT COURT OF ELMORE COUNTY, ALABAMA

MARTIN O. LONG,                          )
                                         )
    Plaintiff,      )        CIVIL ACTION NO.
                                         )
vs.                                      )        CN 06·310
                                         )
STATE FARM FIRE & CASUALTY               )
COMPANY, a corporation,                  )        FILED
                                         )
    Defendant.     )        JUN 14 2006

                                                   CIRCUIT CLERK, ELMORE COUNTY

### REQUEST FOR PRODUCTION OF DOCUMENTS

Comes now the Plaintiff in the above-styled cause and pursuant to the Alabama Rules of Civil Procedure requests Defendant CSX Transportation, Inc., to produce the following documents:

1.     Defendant's complete claim's file relating to the claim at issue in this action, whether maintained in the Defendant's field office, regional office, home office or any other office, including without limitation:

    (a)     All letters, memorandum and other forms of written or computerized communication to or from any employee of Defendant relating in any way to the processing of the claim at issue in this action;

    (b)     All written or computerized records of any oral communications, whether in person or by telephone, to or from any employee of Defendant relating in any way to the processing of the claim at issue in this action.

    (c)     All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of

1

Defendant and Plaintiff relating in any way to the claim at issue in this action.

(d)    Any written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of the Defendant and any third party relating in any way to the claim at issue in this action.

(e)    All written or computerized records of any investigation conducted in connection with the claim at issue in this action.

(f)    All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, to or from any employee of the Defendant relating in any way to the decision to deny the Plaintiff's claim.

(g)    All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between Plaintiff and any employee of Defendant relating in any way to the decision to deny the Plaintiff's claim.

(h)    All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of Defendant and any third party relating in any way to the decision to deny Plaintiff's claim.

(I)    All other written or computerized documents pertaining to the claim at issue in this litigation.

(j)    The file folders in which the preceding documents are kept.

(k)    All photographs of the Plaintiff's vehicle after it was recovered following the Plaintiff's reporting it stolen.

**RESPONSE:**

2

2.     Defendant's complete underwriting files referring or relating in any way to the policy at issue in this action, including without limitations:

    (a)     All letters, memorandum and other forms of written or computerized communication and written or computerized records of oral communications, whether in person or by telephone, referring or relating in any way to issuance of the policy at issue in this action;

    (b)     The file folders in which the preceding documents are kept.

**RESPONSE:**


3.     All claims, manuals, memorandum, directives, letters and other forms of written or computerized communication directed to claims personnel, claims managers, claims supervisors, or any other person acting on behalf of Defendant in the handling of claims, that refer or relate in any way to the handling of the claims generally or to the handling of claims of like character to the claim at issue in this action, including without limitations:

    (a)     The documents reflecting Defendant's claims settlement policies as they existed at the time Defendant denied the claim at issue in this action.

    (b)     The documents reflecting any subsequent changes of policy.

**RESPONSE:**


4.     All promotional materials distributed by or broadcast by Defendant, in print or by radio or television, including without limitation, advertisements and sales brochures, during the 12 months preceding the issuance of the policy at issue in this action, which refer or relate in any way either to Defendant or to insurance policies like the policy at issue in this action.

3

**RESPONSE:**


5.     The claims files relating to every claim caused to be deny during the period starting one year before the loss at issue in this action and extending to the present.

**RESPONSE:**


6.     The claims files relating to every claim of the policies of the type under which Plaintiff made his claim that Defendant denied during the period starting one-year before the loss at issue in this action and extending to the present.

**RESPONSE:**


7.     If, in responding to this request for production of documents, you withhold any production of document on the ground of a privilege not to disclose the document, please state with respect to each such document:

(a)     The type of document involved and a general description of the contents of the document.

(b)     The name, business and residence addresses and telephone numbers, and position of the individual from whom the document emanated

(c)     The name, business and residence addresses and telephone numbers, and position of each individual to whom the document or a copy of the document was sent.

(d)     The date of the document.

4

(e)     The privilege upon which Defendant relies in support of its claim that it is privileged to withhold the document.

(f)     The facts upon which Defendant relies in support of its claim that it is privileged to withhold the document.

(g)     The names, business and residence addresses and telephone numbers, and positions or occupations of individuals known or believed by Defendant to have knowledge concerning the factual basis for Defendant's assertion of privilege with regard to the document.

**RESPONSE:**

8.     A copy of the policy of insurance purchased by Plaintiff.

**RESPONSE:**

9.     A copy of the Declarations page setting forth the coverage Plaintiff purchased.

**RESPONSE:**

10.     All notes and transcripts and tapes of statements that the Plaintiff has given to the representatives of the Defendant, including any examinations under oath.

**RESPONSE:**

5

BURGE & BURGE

F. TUCKER BURGE
2001 PARK PLACE NORTH #850
BIRMINGHAM, AL  35203
(205)251-9000
(205)323-0512 (FACSIMILE)

6

CIRCUIT COURT OF ELMORE COUNTY, ALABAMA

MARTIN O. LONG,                          )
    Plaintiff,                       )
                                     )          CIVIL ACTION NO.
vs.                                      )
                                     )          CV 06-310
STATE FARM FIRE & CASUALTY               )          FILED
COMPANY, a corporation,                  )          JUN 14 2006
    Defendant.                       )          LARRY DOZIER
                                                CIRCUIT CLERK, ELMORE COUNTY

## NOTICE OF TAKING DEPOSITIONS UPON ORAL EXAMINATION

PLEASE TAKE NOTICE that on September 21, beginning at 9.00 a.m. and continuing until such time as completed at the offices of the Defendant's attorney of record, the plaintiff in the above-styled cause will take the depositions of Tony D. Nix, Mike Deavers, Lee Carmichael, Anela Taylor, Bill Lovell, Pearlie Harris and Ronald G. Davenport, upon oral examination for the purpose of discovery, or use for evidence, or for both purposes before Foshee & Turner, a court reporter and notary public or other authorized and qualified person.

BURGE & BURGE

*(signature)*

F. TUCKER BURGE
2001 PARK PLACE NORTH #850
BIRMINGHAM, AL 35203
(205)251-9000
(205)323-0512 (FACSIMILE)