IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARTIN O. LONG, | * | |
| Plaintiff, | * | |
| vs. | * | Case Number:  2:06cv816-MHT |
| STATE FARM FIRE AND CASUALTY COMPANY, | * | |
| | * | |
| Defendant. | | |

## ANSWER

Defendant State Farm Fire and Casualty Company (hereinafter AState Farm@) answers the Complaint of Plaintiff as follows:

## FIRST DEFENSE

State Farm answers the Complaint of Plaintiff, paragraph by paragraph, as follows:

## NATURE OF THE CASE

1. Admitted that State Farm issued an automobile insurance policy ("the policy") covering the vehicle forming the basis of Plaintiff=s lawsuit. State Farm also admits that Plaintiff submitted a claim under the policy and that State Farm denied that claim. State Farm denies the remaining allegations of this paragraph.

## PARTIES

2. Admitted.

3. Admitted that State Farm is incorporated under the laws of Illinois and that at the times referred to herein sold or issued insurance policies and that it marketed its products. All allegations not specifically admitted are denied.

4. Admitted.

## STATEMENT OF THE FACTS

State Farm adopts its responses made above.

5. State Farm is without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore denies the same.

6. State Farm admits that it issued automobile insurance which included coverage as provided in the policy and that the policy was purchased through Mike Devers Insurance Agency, Inc., in Millbrook, Alabama. As to any allegations not specifically admitted, State Farm is without sufficient knowledge or information to form a belief as to the truth of those allegations and therefore denies the same.

7. State Farm is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

8. State Farm is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

9. State Farm admits that the Plaintiff was at the Country Hearth Inn in Lithonia, Georgia, on February 18, 2005. All allegations not specifically admitted are denied.

10. Admitted that Plaintiff reported the loss to State Farm and to the DeKalb County Sheriff's office. Admitted that he told an employee of the Country Hearth Inn

2

and Suites that his car was missing. All allegations not specifically admitted are denied.

11. State Farm admits that, when the vehicle was recovered by the police, it was damaged. As for the remaining allegations of this paragraph, State Farm is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

12. State Farm admits that Plaintiff did provide some information and documents and gave statements. All allegations not specifically admitted are denied.

13. Admitted that State Farm denied Plaintiff=s claim. All allegations not specifically admitted are denied.

14. Denied.

### FIRST CAUSE OF ACTION - BREACH OF CONTRACT

15. Denied.

### SECOND CAUSE OF ACTION - BAD FAITH

16. Denied.

### DAMAGES

17. Denied.

18. Denied.

19. No response is required to this paragraph.

### SECOND DEFENSE

State Farm denies that it is guilty of any conduct which would entitle Plaintiff to recover punitive damages.

## THIRD DEFENSE

State Farm avers that any award of punitive damages to Plaintiff in this case will violate the constitutional safeguards provided to it under the Constitution of the State of Alabama.

## FOURTH DEFENSE

State Farm affirmatively avers that any award of punitive damages to Plaintiff in this case will violate the constitutional safeguards provided to it under the Constitution of the United States of America.

## FIFTH DEFENSE

State Farm affirmatively avers that any award of punitive damages to Plaintiff in this case will violate the constitutional safeguards provided to it under the due process clause of the Fourteenth Amendment to the Constitution of the United States.

## SIXTH DEFENSE

State Farm avers that any award of punitive damages to Plaintiff in this case will violate the procedural safeguards provided to it under the Sixth Amendment to the Constitution of the United States.

## SEVENTH DEFENSE

Plaintiff=s claims of punitive damages violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

(a) It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than Abeyond a reasonable doubt@ burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded may result in an award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against a defendant, which thereby violate the due process clause of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the equal protection clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the due process clause of the Fifth and Fourteenth Amendments and the equal protection clause of the Fourteenth Amendment of the United States Constitution.

### EIGHTH DEFENSE

Plaintiff=s claims of punitive damages violates the due process clause of Article I, ' 6 of the Constitution of Alabama for the same grounds as stated above.

### NINTH DEFENSE

Any award of punitive damages to Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

### TENTH DEFENSE

Any award of punitive damages against State Farm in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article 1, ' 22 of the Constitution of Alabama.

### ELEVENTH DEFENSE

The Complaint fails to state a claim for punitive damages under '' 6-11-20 to 6-11-30, Code of Alabama, 1975, and is barred.

### TWELFTH DEFENSE

Any award of punitive damages against State Farm in this action would violate the due process clause of the United States Constitution, in accordance with the decisions of

the United States Supreme Court in <u>BMW of North America v. Gore</u>, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996), <u>Coopers Industries, Inc. v. Leatherman Tool Group, Inc.</u>, 532 U.S. 424, 121 S. Ct. 1678 (2001), and <u>State Farm Mut. Auto. Ins. Co. v. Campbell</u>, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003), and the Alabama Supreme Court in <u>BMW v. Gore</u>, 701 So.2d 507 (Ala. 1997) on various grounds including the following:

(a) It is a violation of this Defendant=s rights to due process to impose punitive damages to deter future misconduct, where less drastic remedies could achieve this goal;

(b) It is a violation of due process to subject this Defendant to punitive damages without providing this Defendant fair notice of the conduct that will subject it to punishment and the severity of the penalty that may be imposed;

(c) It is a violation of due process to punish this Defendant with the intent of changing its lawful conduct in other states; and

(d) It is a violation of this Defendant=s rights to due process to impose punitive damages which are grossly excessive.

### THIRTEENTH DEFENSE

Punitive damages are to be limited or in the alternative not allowed under Code of Alabama ' 6-11-21 (1975).

### FOURTEENTH DEFENSE

State Farm avers that there exists a lawful basis upon which to refuse payment of the claim submitted by Plaintiff.

**FIFTEENTH DEFENSE**

State Farm avers there was no absence of a legitimate or arguable reason for the denial of benefits claimed under the policy by Plaintiff.

**SIXTEENTH DEFENSE**

State Farm avers that Plaintiff=s policy of insurance is the best evidence of its contents and is pled herein as though copied herein in its entirety. State Farm specifically denies any allegations which tend to contradict, contravene or enlarge upon the terms, conditions, exclusions or limitations of said policy.

**SEVENTEENTH DEFENSE**

State Farm affirmatively pleads all conditions precedent, conditions subsequent, exclusions and limitations set forth in the policy and coverage as a defense to the Plaintiff=s claims.

**EIGHTEENTH DEFENSE**

State Farm pleads the defense of misrepresentation pursuant to ' 27-14-28, Code of Alabama, 1975. Under Plaintiff=s automobile insurance policy, there is no coverage if an insured makes a false statement with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under the policy. State Farm contends that Plaintiff concealed and misrepresented his involvement with the loss claimed under the policy.

                    s/ James B. Newman
                    JAMES B. NEWMAN (NEWMJ8049)

> Attorney for Defendant State Farm Fire and Casualty Company

OF COUNSEL:
HELMSING, LEACH, HERLONG,
    NEWMAN & ROUSE
POST OFFICE BOX 2767
MOBILE, ALABAMA   36652
(251) 432-5521
Facsimile:  (251) 432-0633
Email:  jbn@helmsinglaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> F. Tucker Burge
> Burge & Burge
> 2001 Park Place North, Suite 850
> Birmingham, Alabama   35203

this 15th  day of September, 2006.

>     s/James B. Newman
> OF COUNSEL

Doc 118333