IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **MARTIN O. LONG,** | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| vs. | ) | 2:06CV816-MHT |
| | ) | |
| **STATE FARM FIRE & CASUALTY** | ) | |
| **COMPANY, a corporation,** | ) | |
| | ) | |
| Defendant. | | |

## MOTION TO COMPEL

Comes now the Plaintiff in the above-styled cause and respectfully moves this Court to enter an Order compelling the Defendant to fully respond to the interrogatories that the Plaintiff served upon it that are numbered 2, 3, 5, and 6 and to award attorney's fees to the Plaintiff for being forced to pursue this motion to get substantive responses. As grounds for this motion, the Plaintiff shows to the Court as follows:

1. The Plaintiff served interrogatories in this case at the time it was filed in state court on June 14, 2006.

2. When the Defendant responded to the Plaintiff's Interrogatories on December 8, 2006, it answered interrogatories 2, 3, 5 and 6 as follows:

2.

With regard to the claim for insurance benefits submitted

by Plaintiff, state:

(a) The date you first received such a claim.

  (b)  The basis for denying the claim.

  (c)  List and identify each and every document, recordation, telephonic memorandum, note, or other document of any nature whatsoever which you have possession of concerning Plaintiff's claim for insurance benefits, and for each such document state:

    (1)  the title of the document;

    (2)  the author of the document;

    (3)  the date of the document; and

    (4)  the person who is the custodian of such document and that person's address and telephone number.

  (d)  List each and every ground upon which you base your denial of Plaintiff's claim and for each such ground state:

    (1)  each and every witness who has knowledge of the basis of the denial;

    (2)  list each and every document, recordation, or recording, of any nature whatsoever which supports your denial of insurance benefits; and

    (3)  state any other fact upon which you intend to rely in support of the denial of Plaintiff's

claim.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is overly broad, burdensome and calls for information that is beyond the scope of discovery. Further, information protected by the attorney/client and work product privileges has not been produced, and objection is made on such grounds. Subject to such objections, the requested information is contained in the documents attached to Defendant's Response to Plaintiff's Request for Production of Documents and/or in the Defendant's Initial Disclosures. Subject to the foregoing, the Claims Committee Report contains an overview of the information sought. In addition, the claims file itself also contains such information.

3.

With regard to each of your affirmative defenses, state:

(a)     The name, address and telephone number of each and every witness who you contend has knowledge or facts concerning the basis of each affirmative defense.

(b)     List each and every document or other tangible piece of evidence upon which you intend to rely in support of each and every affirmative defense.

(c)     Give a brief factual statement as to the basis

of each and every defense upon which you intend to rely.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is overly broad, burdensome and calls for information that is beyond the scope of discovery. Further, information protected by the attorney/client and work product privileges has not been produced, and objection is made on such grounds. Subject to such objections, the requested information is contained in the documents attached to Defendant's Response to Plaintiff's Request for Production of Documents and/or in the Defendant's Initial Disclosures. Subject to the foregoing, the Claims Committee Report contains an overview of the information sought. In addition, the claims file itself also contains such information.

5.

State in detail every action taken by the Defendant in its investigation into the Plaintiff's reported loss. For each such detail, state:

(a)  Each and every witness who has knowledge of that portion of the investigation.

(b)  List each and every document, recordation, or recording, of any nature whatsoever which reflects that aspect of the investigation.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is overly broad, burdensome and calls for information that is beyond the scope of discovery. Further, information protected by the attorney/client and work product privileges has not been produced, and objection is made on such grounds. Subject to such objections, the requested information is contained in the documents attached to Defendant's Response to Plaintiff's Request for Production of Documents and/or in the Defendant's Initial Disclosures. Subject to the foregoing, the Claims Committee Report contains an overview of the information sought. In addition, the claims file itself also contains such information.

6.

State in detail all facts upon which this Defendant relied in the factual assertion it made on June 29, 2005, in a letter to counsel for the Plaintiff that "based on the investigation, we must advise you a 'loss' as defined in the policy has not occurred as the destruction of the insured vehicle was by or at the direction of an insured. We must additionally advise you that our investigation has established that your client misrepresented material facts in the presentation of his claim." In response to this interrogatory state:

(a) Each and every witness who has knowledge of any facts in support of this statement.

(b) List each and every document, recordation

or recording of whatever nature whatsoever which supports the Defendant's contention made in that letter.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is overly broad, burdensome and calls for information that is beyond the scope of discovery. Further, information protected by the attorney/client and work product privileges has not been produced, and objection is made on such grounds. Subject to such objections, the requested information is contained in the documents attached to Defendant's Response to Plaintiff's Request for Production of Documents and/or in the Defendant's Initial Disclosures. Subject to the foregoing, the Claims Committee Report contains an overview of the information sought. In addition, the claims file itself also contains such information.

3. The Defendant's responses contain no substantive information concerning its basis for denying the Plaintiff's insurance claim, its affirmative defenses, or asserting that the Plaintiff was involved in the theft, damage and looting of his car. The information sought meets the relevance requirements for discovery and is not privileged. The Defendant's objections are without merit. Merely saying that "an overview of the information sought" is contained in the claim file is not sufficient. The rules of discovery enable parties to flesh out the factual underpinnings of their opponent's case. The Defendant has no good faith basis for refusing to provide meaningful answers for four of the six interrogatories propounded.

4. The Plaintiff's counsel sent the Defendant's counsel a letter on December 15,

2006, asking for substantive responses within two weeks so that a motion to compel would not be necessary. A copy of that letter is attached. Two months have passed and the Defendant has still not responded, thereby necessitating this motion.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff moves the Court to enter an order granting his motion to compel detailed, substantive responses to the four interrogatories and awarding attorney fees to the Plaintiff or being compelled to prepare this motion involving the Court in this discovery matter.

Respectfully submitted,

s/F. Tucker Burge
F. TUCKER BURGE
BURGE & BURGE
2001 Park Place #850
Birmingham, AL   35203
(205)251-9000
(205)323-0512 (Facsimile)

### CERTIFICATE OF SERVICE

I hereby certify that I have this 13th day of February, 2007, electronically filed Plaintiff's Motion to Compel with the Clerk of Court using the CM/ECF system which will send notification of such filing to James B. Newman, Esq., Helmsing, Leach, Herlong, Newman & Rouse, Post Office Box 2767, Mobile, AL 36652.

s/ F. TUCKER BURGE
    OF COUNSEL

# Burge & Burge
## Trial Lawyers

2001 Park Place North
Suite 850
Birmingham, AL 35203
Telephone: (800) 633-3733
(205) 251-9000
Facsimile: (205) 323-0512
www.burge-law.com

December 15, 2006

Frank O. Burge, Jr.
F. Tucker Burge
Courtney B. Brown

James B. Newman, Esq.
Helmsing, Leach, Herlong, Newman & Rouse
Post Office Box 2767
Mobile, AL 36652

    Re:    Martin Long v. State Farm Insurance Company

Dear Mr. Newman:

    I am writing to you in an effort to resolve a discovery dispute relating to State Farm's responses to the Plaintiff's Interrogatories. I would like for you to supplement your responses to provide me with substantive information to Plaintiff's interrogatories 2, 3, 5, and 6. I believe that I am entitled to an answer concerning all of State Farm's reasons for denying the Plaintiff's claim, the factual basis supporting its affirmative defenses, a description of all action taken by the Defendant during its investigation and all witnesses and documents supporting the factual assertions made in the Defendant's letter of June 29, 2005. Rather than give substantive responses, the response states that a claims committee report contains an "overview of the information sought" and that the claims file contains such information. I would appreciate it if you would provide me with specific responses rather than directing me to where I can get an "overview" to the information that I seek.

    I appreciate your attention to this matter. I will wait two weeks before filing a motion to compel. If you have any questions or comments, please let me know.

                        Sincerely,

                        F. Tucker Burge

FTB/jb

