IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARTIN O. LONG, | * | |
| Plaintiff, | * | |
| vs. | * | Case Number:  2:06cv816-MHT |
| STATE FARM FIRE AND CASUALTY COMPANY, | * | |
| | * | |
| Defendant. | | |

## STATE FARM'S MOTION TO COMPEL

COMES NOW, State Farm Fire and Casualty Company, defendant in the above-styled matter ("State Farm"), and moves this Honorable Court for an order compelling plaintiff to respond fully to an interrogatory that State Farm served on plaintiff on or about April 5, 2007. (Ex. A.).  In this case, plaintiff contends that State Farm acted in bad faith in denying his claim for benefits under an auto policy after plaintiff's vehicle was allegedly stolen from a motel parking lot.  State Farm denied the claim in part based on its conclusion that plaintiff had been involved in the alleged theft of his car.

Specifically, plaintiff has not fully responded to Interrogatory No. 24, which asks as follows:

> "24.   When you parked the vehicle in question for the last time before it was allegedly stolen, please describe the manner in which the vehicle was parked.  For example, please state whether the vehicle was pulled straight in or backed in, whether the front or the rear of the vehicle was facing a curb, and please describe the surroundings of the vehicle, including but not limited to other cars parked around the vehicle."

(Ex. A, 3).  Plaintiff's answer is as follows: "As you face the motel entrance, my Corvette was parked in one of the spaces to the left of the entrance." (Ex. B., 2-3).

As can be seen, plaintiff fails to state whether the Corvette was pulled straight in or backed in, and whether the car was facing a curb, and he fails to describe the surroundings of the car, including other parked cars. Such information is relevant and discoverable in that State Farm expects plaintiff to argue that his car was stolen by being towed from the motel parking lot, while State Farm's position is that whoever took the vehicle drove it with the correct key. The position and surroundings of the car are relevant to whether it was likely or even possible that the car was towed.

State Farm's undersigned counsel hereby certifies that he has attempted in good faith to confer with plaintiff's counsel in an effort to resolve this discovery dispute. The undersigned has made multiple telephone calls to plaintiff's counsel's office regarding this discovery matter, was told to expect plaintiff's counsel to return those calls, but has received no response. In addition, the undersigned sent a letter to plaintiff's counsel regarding this issue, but has received no response to that letter. (Ex. C).

Accordingly, pursuant to Rule 37, Fed. R. Civ. P., State Farm respectfully requests this Court to enter an order compelling plaintiff to fully respond to the above-quoted interrogatory.

Respectfully submitted,

s/ D. Andrew Stivender
JAMES B. NEWMAN (NEWMJ8049)
D. ANDREW STIVENDER (STIVD4909)
Attorneys for Defendant State Farm Fire
and Casualty Company

OF COUNSEL:
HELMSING, LEACH, HERLONG,
    NEWMAN & ROUSE
POST OFFICE BOX 2767
MOBILE, ALABAMA  36652
(251) 432-5521
Facsimile:  (251) 432-0633
Email:  jbn@helmsinglaw.com
       das@helmsinglaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        F. Tucker Burge
        Burge & Burge
        2001 Park Place North, Suite 850
        Birmingham, Alabama  35203

this 30th day of May, 2007.

                                    s/D. Andrew Stivender
                                    OF COUNSEL

EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARTIN O. LONG, | * | |
| Plaintiff, | * | |
| vs. | * | Case Number: 2:06cv816-MHT |
| STATE FARM FIRE AND CASUALTY COMPANY, | * | |
| | * | |
| Defendants. | | |

## DEFENDANTS' SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF

Comes now Defendant, State Farm Fire and Casualty Company, and requests that Plaintiff, Martin O. Long, answer the following interrogatories separately and fully, in writing, and under oath within thirty (30) days from the date of service thereof, pursuant to Rule 33 of the Federal Rules of Civil Procedure.

Further request is made by the Defendant, pursuant to Rule 34 of the Federal Rules of Civil Procedure, that Plaintiff, within thirty (30) days and during regular business hours, produce and permit the undersigned attorney of the Defendant to inspect and copy documents hereinafter designated at the offices of said attorney.

In answering these interrogatories and requests for production, you are required to furnish all information available to you, including information in the possession of your attorney, or any person acting in your or his behalf, and not merely such information known of your own personal knowledge. If you cannot answer any particular interrogatory or request for production in full, after exercising due diligence to secure the information sought, so state and answer to the extent possible, specifying your inability to answer the remainder.

1

You are reminded that under the provisions of Rule 26(e) of the Federal Rules of Civil Procedure you are under a duty to seasonably supplement your responses.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these Interrogatories:

"You" and "Your" shall mean the Plaintiff and each of his attorneys, employees, agents, or representatives, and all other persons acting on his behalf.

"Person" shall mean any individual, partnership, firm, association, corporation or other business, governmental or legal entity.

"Document" shall mean any written, recorded, transcribed, punched, taped, filmed or graphic matter of any kind or description, however produced or reproduced.

"Address" shall mean the street number, street, city and state of subject person, business or other entity.

"Identify" or "Identification," when used with reference to a person, shall mean to state the full name and present or last known address of said person.

"Identify" or "Identification," when used with reference to a document, shall mean to state its date, author or signer, his address, type of document and all other means of identifying it, and its present or last known location or custodian; if any document was but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition.

## INTERROGATORIES AND REQUESTS FOR PRODUCTION

20.  When was the first time that you saw the vehicle in question after it had been allegedly stolen?

**ANSWER:**

21.  Describe in detail the appearance and condition of the vehicle in question the first time you saw that vehicle after it had been allegedly stolen.

**ANSWER:**

22.  Did you or anyone on your behalf take any photographs of the vehicle after it had been allegedly stolen, or do you posses in photographs taken by anyone after the vehicle had allegedly been stolen? If so, please produce those photographs.

**ANSWER:**

23.  In addition to the photographs requested in No. 22, please produce any other photographs, drawings, or other depictions of the vehicle that are in your possession.

**ANSWER:**

24.  When you parked the vehicle in question for the last time before it was allegedly stolen, please describe the manner in which the vehicle was parked. For example, please state whether the vehicle was pulled straight in or backed in, whether the front or the rear of the vehicle was facing a curb, and please describe the surroundings of the vehicle, including but not limited to other cars parked around the vehicle.

**ANSWER:**

25.  Please identify any and all expert consultants or witnesses which you have consulted or retained to provide an opinion in connection with this case, state the opinion of that expert or experts, and state whether you expect that expert or experts to testify to such opinion in connection with this case.

**ANSWER:**

26. Have you seen or been treated in any way by a psychiatrist, psychologist, or therapist in the past 10 years? If so, for what reason? Please identify each psychiatrist, psychologist, and therapist that you have seen in the last 10 years and produce copies of any and all records related to such treatment, or provide State Farm with a waiver allowing State Farm to obtain such records directly from such psychiatrist, psychologist, or therapist.

**ANSWER:**

27. Please produce copies of any Max Federal Credit Union records relating to you or your wife for the last 5 years.

**ANSWER:**

_____
JAMES B. NEWMAN (NEWMJ8049)
D. ANDREW STIVENDER (STIVD4909)
Attorneys for State Farm Fire and Casualty Company

OF COUNSEL:
**HELMSING, LEACH, HERLONG,
   NEWMAN & ROUSE**
Post Office Box 2767
Mobile, Alabama 36652
(251) 432-5521

4

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing upon all parties to this cause, or their attorney of record, by placing same in the United States Mail, postage prepaid, and addressed to their regular mailing addresses, or by hand delivery, as follows:

       F. Tucker Burge
       Burge & Burge
       2001 Park Place North, Suite 850
       Birmingham, Alabama   35203

done this 5th day of April, 2007.

                                                           OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARTIN O. LONG, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | |
| vs. ) | 2:06CV816-MHT |
| ) | |
| STATE FARM FIRE & CASUALTY ) | |
| COMPANY, a corporation, ) | |
| ) | |
| Defendant. | |

### PLAINTIFF'S ANSWERS TO DEFENDANT'S SECOND SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Comes now the Plaintiff in the above-styled cause and responds to Defendant State Farm Fire & Casualty Company's Second Set of interrogatories and Requests for Production as follows:

20. When was the first time that you saw the vehicle in question after it had been allegedly stolen?

**ANSWER:**

The first time that I personally saw my Corvette after it was stolen was sometime after State Farm had denied my claim for the loss of the car under the automobile policy. Before personally seeing the car, I had received some pictures of the damage to my car from Todd Smith of State Farm. Before receiving those pictures, Todd Smith had told me about how badly my car had been damaged and how completely it had been stripped.

21. Describe in detail the appearance and condition of the vehicle in question the first

1

time you saw that vehicle after it had been allegedly stolen.

**ANSWER:**

When I first saw the car after it was stolen, the tops were missing, the seats were missing, the rims and tires that I had on the car were missing, the rims and tires that were on the car did not have all of the lug nuts, the passenger window was broken, the interior airconditioning vents were broken, the console was loose, the front bumper was scrapped and damaged, the steering wheel housing was off, the console between the seats was torn loose and there was probably other damage that I do not recall at this time.

22. Did you or anyone on your behalf take any photographs of the vehicle after it had been allegedly stolen, or do you posses [sic] in photographs taken by anyone after the vehicle had allegedly been stolen? If so, please produce those photographs.

**ANSWER:**

The only photographs that I have of the car are those that State Farm sent to me.

23. In addition to the photographs requested in No. 22, please produce any other photographs, drawings, or other depictions of the vehicle that are in your possession.

**ANSWER:**

I have no other photographs of the Corvette other than those that State Farm sent to me.

24. When you parked the vehicle in question for the last time before it was allegedly stolen, please describe the manner in which the vehicle was parked. For example, please state whether the vehicle was pulled straight in or backed in, whether the front or the rear of the vehicle was facing a curb, and please describe the surroundings of the vehicle, including but not limited to other cars parked around the vehicle.

2

**ANSWER:**

As you face the motel entrance, my Corvette was parked in one of the spaces to the left of the entrance.

25. Please identify any and all expert consultants or witnesses which you have consulted or retained to provide an opinion in connection with this case, state the opinion of that expert or experts, and state whether you expect that expert or experts to testify to such opinion in connection with this case.

**ANSWER:**

The expert declarations of Robert J. Sharp and Donal O'Shaugnessy have been previously provided.

26. Have you seen or been treated in any way by a psychiatrist, psychologist, or therapist in the past 10 years? If so, for what reason? Please identify each psychiatrist, psychologist, and therapist that you have seen in the last 10 years and produce copies of any and all records related to such treatment, or provide State Farm with a waiver allowing State Farm to obtain such records directly from such psychiatrist, psychologist, or therapist.

**ANSWER:**

During the last ten years I have seen psychologists and/or psychiatrists at the Veterans Administration Hospital in Montgomery. The substance of any communications and the records containing those communications are privileged.

27. Please produce copies of any Max Federal Credit Union records relating to you or your wife for the last 5 years.

**ANSWER:**

The Plaintiff has already produced the Max Federal Credit Union records.

_____
MARTIN O. LONG

Sworn to and subscribed before me this

_17_ day of May, 2007.

_____
Notary Public

My Commission Expires: _5/11/2010_

**OF COUNSEL:**

BURGE & BURGE
850 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
(205)251-9000

## CERTIFICATE OF SERVICE

I hereby certify that I have this _17_ day of May, 2007, served a copy of the above and foregoing upon all counsel of record by placing a copy of same in the United States Mail, postage pre-paid and properly addressed to:  James B. Newman, Helmsing, Leach, Herlong, Newman & Rouse, Post Office Box 2767, Mobile, AL 36652.

_____
OF COUNSEL

4

# Helmsing, Leach, Herlong, Newman & Rouse, P.C.
phone: 251-432-5521
facsimile: 251-432-0633

| | | |
|---|---|---|
| MAILING ADDRESS<br>POST OFFICE BOX 2767<br>MOBILE, ALABAMA 36652 | File #14616 | STREET ADDRESS<br>SUITE 2000 LACLEDE BLDG.<br>150 GOVERNMENT STREET<br>MOBILE, ALABAMA 36602 |

## FACSIMILE TRANSMISSION

EXHIBIT "C"

**TO**      :   F. Tucker Burge, Esq.            205-323-0512

**FROM**  :   Andy Stivender, Esq.

**DATE**  :   May 24, 2007

**RE**      :   Martin O. Long vs. State Farm

**NUMBER OF PAGES:** 2 (including transmittal page)

If you do not receive all of the pages in this transmittal, please call <u>Kara Knox</u> at (251) 432-5521.

UNLESS OTHERWISE INDICATED OR OBVIOUS FROM THE NATURE OF THE TRANSMITTAL, THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR OR ARE NOT SURE WHETHER IT IS PRIVILEGED, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE AT OUR EXPENSE. THANK YOU.

# HELMSING, LEACH, HERLONG, NEWMAN & ROUSE

FREDERICK G. HELMSING *
JOHN N. LEACH
WARREN C. HERLONG, JR.
JAMES B. NEWMAN
ROBERT H. ROUSE
JOSEPH P. H. BABINGTON **
R. ALAN ALEXANDER
JOHN T. DUKES
JEFFERY J. HARTLEY
J. CASEY PIPES
RUSSELL C. BUFFKIN
PATRICK C. FINNEGAN †
LESLIE G. WEEKS *
LOUISA LONG STOCKMAN
CHRISTOPHER T. CONTE ◊
THOMAS RYAN LUNA
D. ANDREW STIVENDER

A PROFESSIONAL CORPORATION

LAWYERS

150 GOVERNMENT STREET

MOBILE, ALABAMA

May 24, 2007

Email:  jbn@helmsinglaw.com
        das@helmsinglaw.com

MAILING ADDRESS
POST OFFICE BOX 2767
MOBILE, ALABAMA 36652

STREET ADDRESS
SUITE 2000 LACLEDE BUILDING
150 GOVERNMENT STREET
MOBILE, ALABAMA 36602

TELEPHONE (251) 432-5521
TELECOPIER (251) 432-0633

www.helmsinglaw.com

* ALSO ADMITTED IN FLORIDA
** ALSO ADMITTED IN LOUISIANA
† ALSO ADMITTED IN NEW YORK
◊ ALSO ADMITTED IN MISSISSIPPI

**VIA FACSIMILE:** (205) 323-0512
F. Tucker Burge, Esq.
Burge & Burge
2001 Park Place North, Suite 850
Birmingham, Alabama 35203

Re: Martin O. Long vs. State Farm Fire and Casualty Company
    Our File Number: 14616

Dear Tucker:

I have received your client's responses to our second set of discovery requests. The response to interrogatory No. 24 is incomplete. In that interrogatory, we ask:

"When you parked the vehicle in question for the last time before it was allegedly stolen, please describe the manner in which the vehicle was parked. For example, please state whether the vehicle was pulled straight in or backed in, whether the front or the rear of the vehicle was facing a curb, and please describe the surroundings of the vehicle, including but not limited to other cars parked around the vehicle."

Your client's response is: "As you face the motel entrance, my Corvette was parked in one of the spaces to the left of the entrance."

As you can see, Mr. Long fails to completely answer the interrogatory. In an attempt to comply with the rule requiring the parties to attempt in good faith to confer in order to resolve discovery issues, I have attempted to contact you by telephone to discuss this matter. I have left more than one message, but I have not heard from you. Please call me or Jim Newman to discuss. If we do not hear from you by Tuesday, May 29, we will have to file a motion to compel.

Very truly yours,

ANDY STIVENDER

## MESSAGE CONFIRMATION

```
                                              05/24/2007  09:05
                                              ID=HELMSING LEACH HERLONG NEWMAN &


DATE        S.R-TIME     DISTANT STATION ID       MODE      PAGES     RESULT

05/24       00'33"       205 322 0512             TX        02        OK        0000
```

05/24/2007   09:04   HELMSING LEACH HERLONG NEWMAN & → 828#14616##912053230512#   NO.453   P01

# Helmsing, Leach, Herlong, Newman & Rouse, P.C.
phone: 251-432-5521
facsimile: 251-432-0633

| MAILING ADDRESS | File #14616 | STREET ADDRESS |
|---|---|---|
| POST OFFICE BOX 2767 | | SUITE 2000 LACLEDE BLDG. |
| MOBILE, ALABAMA 36652 | | 150 GOVERNMENT STREET |
| | | MOBILE, ALABAMA 36602 |

## F A C S I M I L E   T R A N S M I S S I O N

**TO**      :   F. Tucker Burge, Esq.      205-323-0512

**FROM**    :   Andy Stivender, Esq.

**DATE**    :   May 24, 2007

**RE**      :   Martin O. Long vs. State Farm

**NUMBER OF PAGES:** 2 (including transmittal page)