IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARTIN O. LONG, | * | |
| Plaintiff, | * | |
| vs. | * | Case Number:  2:06cv816-MHT |
| STATE FARM FIRE AND CASUALTY COMPANY, | * | |
| | * | |
| Defendant. | | |

## MOTION TO COMPEL NON-PARTY (MAX FEDERAL CREDIT UNION) TO PRODUCE DOCUMENTS PURSUANT TO NON-PARTY SUBPOENA, OR, IN THE ALTERNATIVE, MOTION TO SHOW CAUSE WHY NON-PARTY SHOULD NOT BE HELD IN CONTEMPT

COMES NOW, State Farm Fire and Casualty Company, Defendant in the above-styled matter and moves this Honorable Court for an order compelling a non-party to respond to a subpoena *duces tecum* issued pursuant to Rule 45, Fed. R. Civ. P.  Rule 45(c)(2)(B), Fed. R. Civ. P., authorizes the Court to issue an order compelling a non-party to comply with a subpoena *duces tecum*.  In the alternative, State Farm requests the Court to enter an order directing the non-party to show cause why it should not be held in contempt for failure to comply with the subpoena *duces tecum*. See Rule 45(e), Fed. R. Civ. P.

On or about May 1, 2007, State Farm issued a subpoena *duces tecum* to Max Federal Credit Union, Post Office Box 244040, Montgomery, Alabama, 36124-4040

("Max"). A copy of that subpoena is attached hereto as Exhibit A. That subpoena directed Max to produce all records it possessed relating to the Plaintiff, Martin Long.

As of the date of this motion, Max has failed to comply with the above-referenced subpoena, but has made no objection thereto. Max has indicated to State Farm's counsel its intent to comply with the subpoena (Max and counsel for State Farm agreed that Max would produce records relating to the plaintiff that are dated from 2004 to the present). However, because the date of the instant motion, May 31, 2007, is the deadline for discovery in this matter, out of an abundance of caution, State Farm respectfully requests this Court to enter an order compelling Max to respond to the subpoena and to produce records relating to the plaintiff dated from the beginning of 2004 to the present time. In the alternative, State Farm requests the Court to enter an order directing Max to show cause why it should not be held in contempt for failing to comply with the subpoena.

/s/ D. Andrew Stivender
JAMES B. NEWMAN (NEWMJ8049)
D. ANDREW STIVENDER (STIVD4909)
Attorneys for Defendant State Farm Fire
and Casualty Company

OF COUNSEL:
HELMSING, LEACH, HERLONG,
    NEWMAN & ROUSE
POST OFFICE BOX 2767
MOBILE, ALABAMA 36652
(251) 432-5521
Facsimile: (251) 432-0633
Email: jbn@helmsinglaw.com
      das@helmsinglaw.com

CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    F. Tucker Burge
    Burge & Burge
    2001 Park Place North, Suite 850
    Birmingham, Alabama   35203


this 31st day of May, 2007.

                                  /s/ D. Andrew Stivender
                                  OF COUNSEL

# HELMSING, LEACH, HERLONG, NEWMAN & ROUSE

A PROFESSIONAL CORPORATION

LAWYERS

150 GOVERNMENT STREET

MOBILE, ALABAMA

FREDERICK G. HELMSING *
JOHN N. LEACH
WARREN C. HERLONG, JR.
JAMES B. NEWMAN
ROBERT H. ROUSE
JOSEPH P. H. BABINGTON **
R. ALAN ALEXANDER
JOHN T. DUKES
JEFFERY J. HARTLEY
J. CASEY PIPES
RUSSELL C. BUFFKIN
PATRICK C. FINNEGAN †
LESLIE G. WEEKS *
LOUISA LONG STOCKMAN
CHRISTOPHER T. CONTE ◊
THOMAS RYAN LUNA
D. ANDREW STIVENDER

MAILING ADDRESS
POST OFFICE BOX 2767
MOBILE, ALABAMA 36652

STREET ADDRESS
SUITE 2000 LACLEDE BUILDING
150 GOVERNMENT STREET
MOBILE, ALABAMA 36602

TELEPHONE (251) 432-5521
TELECOPIER (251) 432-0633

www.helmsinglaw.com

* ALSO ADMITTED IN FLORIDA
** ALSO ADMITTED IN LOUISIANA
† ALSO ADMITTED IN NEW YORK
◊ ALSO ADMITTED IN MISSISSIPPI

May 1, 2007

EXHIBIT "A"

**Via Certified Mail**
Max Federal Credit Union
Attention: Loss Prevention
Post Office Box 244040
Montgomery, Alabama 36124-4040

RE: *Martin O. Long v. State Farm Fire & Casualty Co.*
U.S.D.C. Middle District of Alabama, Case No. 2:06 CV 816-MHT
HLHN&R File No.: 14616

Dear Records Custodian:

This law firm represents the Defendant in the referenced litigation. As a result of this litigation, we are requesting that you produce complete copies of the documents identified in the enclosed subpoena *duces tecum* concerning Martin O. Long (DOB: 08/13/1968; SSN: 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).

Please produce copies of the requested documents along with a signed *and* notarized Certificate of Authenticity (form enclosed) by **May 16, 2007**. While we ask that you respond promptly, please mail or overnight hard copies to us, as opposed to forwarding records via facsimile, electronic transmission or floppy disk. Please provide us with an invoice for your copying expenses and we will remit payment immediately. If you require pre-payment, please fax an invoice to my attention at 251-432-0633 and I will forward a check to you.

Finally, if Martin Long was never seen at your facility or his records have been destroyed or discarded pursuant to retention policies or otherwise, please let us know.

Thank you very much for your attention to this subpoena. Please call me if you have any questions.

Very truly yours,

D. ANDREW STIVENDER

DAS/ldb
Enclosure
cc: All Counsel of Record

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

MIDDLE **DISTRICT OF** ALABAMA

MARTIN O. LONG

V.

STATE FARM FIRE & CASUALTY COMPANY

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 2:06 CV 816-MHT

TO: MAX FEDERAL CREDIT UNION
ATTN: LOSS PREVENTION
Post Office Box 244040, Montgomery, AL 36124-4040

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Complete certified copies of any and all records relating to Martin O. Long; SS# 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; DOB: 08/13/68; all writings, business records or other written material contained in your file, in your possession or under you control.

| PLACE    Law Offices of Helmsing, Leach, Herlong, Newman & Rouse
            150 Government Street, Suite 2000, LeClede Building, Mobile, AL 36602 | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorney for Defendant | 5/1/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
James B. Newman, Esq., Andrew Stivender, Esq.
P. O. Box 2767, Mobile, AL 36652

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | 5/1/2007 | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Max Federal Credit Union | Certified Mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Andrew Stivender, Esq. | Attorney |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  5/1/07
DATE

SIGNATURE OF SERVER

P. O. Box 2767
ADDRESS OF SERVER

Mobile, Alabama  36652

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

MARTIN O. LONG,                )
                               )
            Plaintiff,         )
                               )
v.                             )  CASE NO: 2:06 CV 816-MHT
                               )
STATE FARM FIRE & CASUALTY CO.,)
                               )
            Defendant.         )

COUNTY OF _____    )

STATE OF ALABAMA        )

### CERTIFICATE

I hereby certify that the attached is a true and complete copy of the records from **MAX FEDERAL CREDIT UNION** pertaining to **MARTIN O. LONG (D/O/B 08/13/1968; SSN: 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)** kept in our office in my custody, and I am the legal custodian and keeper of said records. I further certify that said records were made in the regular course of business, and that it was in the regular course of said office for such records to be made at the time of the events, transactions or occurrences to which they refer or within a reasonable time thereafter.

SIGNED this the _____ day of _____, 2007.

_____
RECORDS CUSTODIAN

SWORN to and SUBSCRIBED to before me on this the ____ day of _____, 2007.

_____
NOTARY PUBLIC
My commission expires:_____

Attention Records Custodian: PLEASE NOTE THIS <u>MUST</u> BE EXECUTED AND RETURNED WITH YOUR RESPONSE.