IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARTIN O. LONG, | * | |
| Plaintiff, | * | |
| vs. | * | Case Number:   2:06cv816-MHT |
| STATE FARM FIRE AND CASUALTY COMPANY, | * | |
| | * | |
| Defendant. | | |

**MOTION TO COMPEL NON-PARTY (MONTGOMERY REGIONAL OFFICE OF THE DEP'T OF VETERANS AFFAIRS) TO PRODUCE DOCUMENTS PURSUANT TO NON-PARTY SUBPOENA, OR, IN THE ALTERNATIVE, MOTION TO SHOW CAUSE WHY NON-PARTY SHOULD NOT BE HELD IN CONTEMPT**

COMES NOW, State Farm Fire and Casualty Company, Defendant in the above-styled matter and moves this Honorable Court for an order compelling a non-party to comply with a subpoena *duces tecum* issued pursuant to Rule 45, Fed. R. Civ. P. Rule 45(c)(2)(B), Fed. R. Civ. P., authorizes the Court to issue an order compelling a non-party to comply with a subpoena *duces tecum*. In the alternative, State Farm requests the Court to enter an order directing the non-party to show cause why it should not be held in contempt for failure to comply with the subpoena *duces tecum*. See Rule 45(e), Fed. R. Civ. P.

On or about May 9, 2007, State Farm issued a subpoena *duces tecum* to the Montgomery Regional Office of the Department of Veterans Affairs, at 345 Perry Hill Road, Montgomery, Alabama, 36109 ("the V.A."). A copy of that subpoena is attached

hereto as Exhibit A. That subpoena directed the V.A. to produce all medical records, including psychological records, of the Plaintiff, Martin Long.

As of the date of this motion, the V.A. has failed to comply with the above-referenced subpoena. The V.A. has not yet refused to comply with the subpoena, but one of its representatives has indicated that it is unlikely to comply with the subpoena absent a court order or a release from Long. Long has indicated that he is unwilling to provide a release. State Farm respectfully requests this Court to enter an order compelling the V.A. to comply with the subpoena. In the alternative, State Farm requests the Court to enter an order directing the V.A. to show cause why it should not be held in contempt for failing to comply with the subpoena.

/s/ D. Andrew Stivender
JAMES B. NEWMAN (NEWMJ8049)
D. ANDREW STIVENDER (STIVD4909)
Attorneys for Defendant State Farm Fire
and Casualty Company

OF COUNSEL:
HELMSING, LEACH, HERLONG,
    NEWMAN & ROUSE
POST OFFICE BOX 2767
MOBILE, ALABAMA  36652
(251) 432-5521
Facsimile:  (251) 432-0633
Email:  jbn@helmsinglaw.com
         das@helmsinglaw.com

CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    F. Tucker Burge
    Burge & Burge
    2001 Park Place North, Suite 850
    Birmingham, Alabama   35203


this 31st day of May, 2007.


                                      /s/D. Andrew Stivender
                                      OF COUNSEL

# HELMSING, LEACH, HERLONG, NEWMAN & ROUSE

A PROFESSIONAL CORPORATION

LAWYERS

150 GOVERNMENT STREET

MOBILE, ALABAMA

FREDERICK G. HELMSING *
JOHN N. LEACH
WARREN C. HERLONG, JR.
JAMES B. NEWMAN
ROBERT H. ROUSE
JOSEPH P. H. BABINGTON **
R. ALAN ALEXANDER
JOHN T. DUKES
JEFFERY J. HARTLEY
J. CASEY PIPES
RUSSELL C. BUFFKIN
PATRICK C. FINNEGAN !
LESLIE G. WEEKS °
LOUISA LONG STOCKMAN
CHRISTOPHER T. CONTE !
THOMAS RYAN LUNA
D. ANDREW STIVENDER

MAILING ADDRESS
POST OFFICE BOX 2767
MOBILE, ALABAMA 36652

STREET ADDRESS
SUITE 2000 LACLEDE BUILDING
150 GOVERNMENT STREET
MOBILE, ALABAMA 36602

TELEPHONE (251) 432-5521
TELECOPIER (251) 432-0633

www.helmsinglaw.com

* ALSO ADMITTED IN FLORIDA
** ALSO ADMITTED IN LOUISIANA
! ALSO ADMITTED IN NEW YORK
° ALSO ADMITTED IN MISSISSIPPI

May 9, 2007



EXHIBIT "A"

**Via Certified Mail**
Montgomery Regional Office of the Department of Veterans Affairs
345 Perry Hill Road
Montgomery, Alabama 36109

RE: *Martin O. Long v. State Farm Fire & Casualty Co.*
U.S.D.C. Middle District of Alabama, Case No. 2:06 CV 816-MHT
HLHN&R File No.: 14616

Dear Records Custodian:

This law firm represents the Defendant in the referenced litigation. As a result of this litigation, we are requesting that you produce complete copies of the documents identified in the enclosed subpoena *duces tecum* concerning Martin O. Long (DOB: 08/13/1968; SSN: 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).

Please produce copies of the requested documents along with a signed *and* notarized Certificate of Authenticity (form enclosed) by **May 18, 2007**. While we ask that you respond promptly, please mail or overnight hard copies to us, as opposed to forwarding records via facsimile, electronic transmission or floppy disk. Please provide us with an invoice for your copying expenses and we will remit payment immediately. If you require pre-payment, please fax an invoice to my attention at 251-432-0633 and I will forward a check to you.

Finally, if Martin Long was never seen at your facility or his records have been destroyed or discarded pursuant to retention policies or otherwise, please let us know.

Thank you very much for your attention to this subpoena. Please call me if you have any questions.

Very truly yours,

D. ANDREW STIVENDER

DAS/ldb
Enclosure
cc: All Counsel of Record

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

MARTIN O. LONG, )
 )
    Plaintiff, )
 )
 ) CASE NO: 2:06 CV 816-MHT
v. )
 )
STATE FARM FIRE & CASUALTY CO., )
 )
    Defendant. )

## HIPAA PRIVACY RULES' ASSURANCES

In accordance with the Federal privacy rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1. We have made a good faith attempt to provide the Patient, either through his/her counsel or directly, with a copy of this Civil Subpoena.

2. The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the Patient, either through his/her counsel or directly, to raise an objection.

3. The Patient, though his counsel, has been given a reasonable amount of time to object to this subpoena, and no objection has been made.

Accordingly, following service of the Civil Subpoena, you may disclose the requested information in compliance with the HIPAA Privacy Rules.

In the event that you cannot locate records concerning the Patient, please forward written confirmation for our file to **D. ANDREW STIVENDER, ESQUIRE, HELMSING, LEACH, HERLONG, NEWMAN & ROUSE, PC.**

                                                         _____
                                                         OF COUNSEL

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

MARTIN O. LONG,

V.

STATE FARM FIRE & CASUALTY COMPANY

SUBPOENA IN A CIVIL CASE

Case Number:[1] 2:06 CV 816-MHT

TO: Montgomery Regional Office
of the Department of Veterans Affairs
345 Perry Hill Road
Montgomery, Alabama 36109

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Exhibit A attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Offices of James B. Newman & Andrew Stivender<br>150 Government Street, Suite 2000, Mobile, AL 36602 | 5/18/2007 5:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorney for Defendant | 5/9/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
D. ANDREW STIVENDER
150 GOVERNMENT STREET, SUITE 2000, MOBILE, AL 36602   251-432-5521

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 5/9/2007 | 345 Perry Hill Road<br>Montgomery, Alabama 36109 |

| | | MANNER OF SERVICE |
|---|---|---|
| ED ON (PRINT NAME) | | Certified Mail |
| ntgomery Regional Office<br>he Department of Veterans Affairs | | |

| | | TITLE |
|---|---|---|
| VED BY (PRINT NAME) | | ATTORNEY FOR DEFENDANT, STATE FARM |
| ANDREW STIVENDER | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained the Proof of Service is true and correct.

Executed on ___5/9/07___
                 DATE

SIGNATURE OF SERVER

D. ANDREW STIVENDER
ADDRESS OF SERVER

150 Government Street, Mobile, AL 36602

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the information until the claim is resolved. A receiving party has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

MARTIN O. LONG, )
 )
    Plaintiff, )
 )
 ) CASE NO: 2:06 CV 816-MHT
v. )
 )
STATE FARM FIRE & CASUALTY CO., )
 )
    Defendant. )

COUNTY OF _____ )

STATE OF ALABAMA )

## CERTIFICATE

I hereby certify that the attached is a true and complete copy of the records from MONTGOMERY REGIONAL OFFICE OF THE DEPARTMENT OF VETERANS AFFAIRS pertaining to MARTIN O. LONG (D/O/B 08/13/1968; SSN: 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) kept in our office in my custody, and I am the legal custodian and keeper of said records. I further certify that said records were made in the regular course of business, and that it was in the regular course of said office for such records to be made at the time of the events, transactions or occurrences to which they refer or within a reasonable time thereafter.

SIGNED this the _____ day of _____, 2007.

                                                          _____
                                                          RECORDS CUSTODIAN

SWORN to and SUBSCRIBED to before me on this the ____ day of _____, 2007.

                                                          _____
                                                          NOTARY PUBLIC
                                                        My commission expires:_____

Attention Records Custodian: PLEASE NOTE THIS <u>MUST</u> BE EXECUTED AND RETURNED WITH YOUR RESPONSE.

## EXHIBIT A

Please produce:

Complete certified copies of any and all medical and billing records of Martin O. Long, SS# 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, DOB - 8/13/68, including medical reports, psychological records, psychotherapy records, any other mental-health related records or reports, lab tests, physical therapy records, photographs, all writings, business records or other written material contained in your file, in your possession, or under your control.