IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARTIN O. LONG, | * | |
| Plaintiff, | * | |
| vs. | * | Case Number:  2:06cv816-MHT |
| STATE FARM FIRE AND CASUALTY COMPANY, | * | |
| | * | |
| Defendant. | | |

### STATE FARM'S REPLY TO PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT

COMES NOW, State Farm Fire and Casualty Company, and files this brief reply to Long's opposition to State Farm's motion for a summary judgment.

In reciting his version of the evidence, Long concentrates on his allegation that State Farm had no reasonably legitimate or arguable reason to deny the auto claim.  Essentially, Long cites his version of the evidence indicating that State Farm breached the auto policy and ignores the evidence that opposes that position.  Once *that* evidence is considered, it becomes clear that, at the least, Long has not presented sufficient evidence of the absence of a reasonably legitimate or arguable reason to deny the auto claim. See *National Savings Life Insurance Company v. Dutton*, 419 So. 2d 1357 (Ala. 1982) ("Ordinarily, if the evidence produced by either side creates a fact issue with regard to the validity of the claim and, thus, the legitimacy of the denial thereof, the tort claim must fail and should not be submitted to the jury.").

For example, Long contends that the physical evidence indicates that his car was stolen by a tow truck, which, according to Long, neutralizes the evidence indicating that the car was not driven away without the correct key.  However, it is undisputed that Long's vehicle was towed

1

more than once after it was recovered by police.  The evidence indicating that the car was towed is more likely to have been created during the multiple towings that occurred after the car was recovered.  Further, State Farm points out that there is currently pending a motion to compel Long to answer more completely the following interrogatory:

> "24.    When you parked the vehicle in question for the last time before it was allegedly stolen, please describe the manner in which the vehicle was parked.  For example, please state whether the vehicle was pulled straight in or backed in, whether the front or the rear of the vehicle was facing a curb, and please describe the surroundings of the vehicle, including but not limited to other cars parked around the vehicle."

Plaintiff's answer to that interrogatory was as follows: "As you face the motel entrance, my Corvette was parked in one of the spaces to the left of the entrance." (See motion to compel, Exhibit A hereto).  The position and surroundings of the car at the hotel are clearly relevant to whether it was likely or even possible that the car was stolen by tow truck.  But for some reason, Long did not adequately answer the question.  State Farm's brief in support of its motion for a summary judgment recites the substantial amount of other evidence indicating that Long was involved in the theft of his own car, which when considered as a whole, leads to a conclusion that State Farm at least had a reasonably legitimate or arguable reason to deny the auto claim.

Long attempts to downplay the effect of misrepresentations regarding the personal property allegedly contained in the car when it was taken.  Long's position appears to be that the misrepresentations regarding the personal property have nothing to do with the auto claim.  Long points out that, in his Affidavit of Vehicle Theft, in response to the inquiry: "Amount for which you are making claim," Long responded: "Paid $25,000.00." (Opposition at 5).  However, Long fails to mention that, in the same affidavit, Long referred State Farm to a personal property inventory sheet containing the list of personal property allegedly stolen along with the vehicle.  Similarly, Long also contends that "this lawsuit includes no claim for the personal property that

Long lost inside the car when it was stolen." (Id.).  However, in response to State Farm's

Interrogatory No. 14, Long states that he is making a claim of $5,000.00 for the missing personal

property:

> "14.    Please describe in detail the type and dollar amount of damages
> you allege that you are entitled to in this action.
>
> "….
>
> "**ANSWER**:_____
>
> "….
>
> "Stolen personal items: $5,000.00"

(Exhibit B, attached hereto).

Long's auto policy provides that there is no coverage if Long has made false statements

with the intent to conceal or misrepresent any material fact or circumstance in connection with

any claim under the policy.  And, § 27-14-28, Ala. Code 1975, provides: "No misrepresentation

in any proof of loss under any insurance policy shall defeat or void the policy unless such

misrepresentation is made with actual intent to deceive as to a matter material to the insured's

rights under the policy."  A reading of State Farm's brief in support of its motion for a summary

judgment, when combined with a reading of Long's opposition, shows that it was *at least* fairly

debatable that Long made misrepresentations in connection with his auto claim, and as to matters

material to his rights under the auto policy.  See *Gulf Atlantic Life Ins. Co. v. Barnes*, 405 So. 2d

916, 924 (Ala. 1981) ("When a claim is 'fairly debatable,' the insurer is entitled to debate it,

whether the debate concerns a matter of fact or law.").  Long has not presented evidence

sufficient to survive summary judgment on his bad faith claims.

Long relies on *Dempsey v. Auto Owners Ins. Co.*, 717 F. 2d 556 (11th Cir. 1983).  While

that opinion is not entirely clear, it appears that the 11th Circuit held that the trial court properly

submitted the plaintiffs' breach of contract and bad faith claims to the jury, despite the insurer's contention that a material misrepresentation had been made by one of the insureds in connection with a fire loss. *Dempsey* is distinguishable from the instant case.

First, the court in *Dempsey* noted that the only misrepresentation-cases cited by the appellant involved misrepresentations made at the inception of insurance contracts, not post-loss misrepresentations. Therefore, the court operated under the assumption that those cases were controlling. 717 F. 2d at 560 n.1. Compare *American Fire & Cas. Co. v. Archie*, 409 So. 2d 854, 856 (Ala. Civ. App. 1981) ("There is a difference in the required elements of misrepresentation before loss and misrepresentation after loss. Before loss, a misrepresentation must be material to an increase in the risk of loss and must be relied on by the insurer to its prejudice. After loss, a misrepresentation need only be made with the actual intent to deceive and be related to a matter which is material.") (internal citations omitted). Accordingly, *Dempsey's* value as binding precedent in this case is questionable.

Second, in *Dempsey*, the only misrepresentation noted was that the insured lied about his whereabouts on the night that his house burned. In addition, the court in *Dempsey* cited evidence indicating that the insurer had hired a *hitchhiker* to investigate the loss, and had actually offered to purchase the insured's debt from his creditor. In contrast, as set forth in State Farm's brief in support of its motion for a summary judgment, there is evidence in the instant case of numerous material misrepresentations made in connection with Long's auto claim, and there is no evidence that State Farm engaged in the sort of conduct cited by the court in *Dempsey*.

State Farm respectfully requests this Court to grant its motion for a summary judgment.

Respectfully submitted,

s/ D. Andrew Stivender
JAMES B. NEWMAN (NEWMJ8049)
D. ANDREW STIVENDER (STIVD4909)
Attorneys for Defendant State Farm Fire
and Casualty Company

OF COUNSEL:
HELMSING, LEACH, HERLONG,
        NEWMAN & ROUSE
POST OFFICE BOX 2767
MOBILE, ALABAMA  36652
(251) 432-5521
Facsimile:  (251) 432-0633
Email:  jbn@helmsinglaw.com
        das@helmsinglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

F. Tucker Burge
Burge & Burge
2001 Park Place North, Suite 850
Birmingham, Alabama  35203

this 6th day of June, 2007.

s/D. Andrew Stivender
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION



| MARTIN O. LONG, | * |
| Plaintiff, | * |
| vs. | * |
| STATE FARM FIRE AND CASUALTY COMPANY, | * |
| | * |
| Defendant. | |

Case Number:  2:06cv816-MHT

## STATE FARM'S MOTION TO COMPEL

COMES NOW, State Farm Fire and Casualty Company, defendant in the above-styled matter ("State Farm"), and moves this Honorable Court for an order compelling plaintiff to respond fully to an interrogatory that State Farm served on plaintiff on or about April 5, 2007. (Ex. A.).  In this case, plaintiff contends that State Farm acted in bad faith in denying his claim for benefits under an auto policy after plaintiff's vehicle was allegedly stolen from a motel parking lot.  State Farm denied the claim in part based on its conclusion that plaintiff had been involved in the alleged theft of his car.

Specifically, plaintiff has not fully responded to Interrogatory No. 24, which asks as follows:

> "24.    When you parked the vehicle in question for the last time before it was allegedly stolen, please describe the manner in which the vehicle was parked.  For example, please state whether the vehicle was pulled straight in or backed in, whether the front or the rear of the vehicle was facing a curb, and please describe the surroundings of the vehicle, including but not limited to other cars parked around the vehicle."

(Ex. A, 3).  Plaintiff's answer is as follows: "As you face the motel entrance, my Corvette was parked in one of the spaces to the left of the entrance." (Ex. B., 2-3).

As can be seen, plaintiff fails to state whether the Corvette was pulled straight in or backed in, and whether the car was facing a curb, and he fails to describe the surroundings of the car, including other parked cars. Such information is relevant and discoverable in that State Farm expects plaintiff to argue that his car was stolen by being towed from the motel parking lot, while State Farm's position is that whoever took the vehicle drove it with the correct key. The position and surroundings of the car are relevant to whether it was likely or even possible that the car was towed.

State Farm's undersigned counsel hereby certifies that he has attempted in good faith to confer with plaintiff's counsel in an effort to resolve this discovery dispute. The undersigned has made multiple telephone calls to plaintiff's counsel's office regarding this discovery matter, was told to expect plaintiff's counsel to return those calls, but has received no response. In addition, the undersigned sent a letter to plaintiff's counsel regarding this issue, but has received no response to that letter. (Ex. C).

Accordingly, pursuant to Rule 37, Fed. R. Civ. P., State Farm respectfully requests this Court to enter an order compelling plaintiff to fully respond to the above-quoted interrogatory.

Respectfully submitted,

s/ D. Andrew Stivender
JAMES B. NEWMAN (NEWMJ8049)
D. ANDREW STIVENDER (STIVD4909)
Attorneys for Defendant State Farm Fire
and Casualty Company

OF COUNSEL:
HELMSING, LEACH, HERLONG,
      NEWMAN & ROUSE
POST OFFICE BOX 2767
MOBILE, ALABAMA  36652
(251) 432-5521
Facsimile:  (251) 432-0633
Email:  jbn@helmsinglaw.com
        das@helmsinglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

F. Tucker Burge
Burge & Burge
2001 Park Place North, Suite 850
Birmingham, Alabama  35203

this 30th day of May, 2007.

s/D. Andrew Stivender
OF COUNSEL



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARTIN O. LONG, | * | |
| Plaintiff, | * | |
| vs. | * | Case Number:  2:06cv816-MHT |
| STATE FARM FIRE AND CASUALTY COMPANY, | * | |
| | * | |
| Defendants. | | |

## DEFENDANTS' SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF

Comes now Defendant, State Farm Fire and Casualty Company, and requests that Plaintiff, Martin O. Long, answer the following interrogatories separately and fully, in writing, and under oath within thirty (30) days from the date of service thereof, pursuant to Rule 33 of the Federal Rules of Civil Procedure.

Further request is made by the Defendant, pursuant to Rule 34 of the Federal Rules of Civil Procedure, that Plaintiff, within thirty (30) days and during regular business hours, produce and permit the undersigned attorney of the Defendant to inspect and copy documents hereinafter designated at the offices of said attorney.

In answering these interrogatories and requests for production, you are required to furnish all information available to you, including information in the possession of your attorney, or any person acting in your or his behalf, and not merely such information known of your own personal knowledge. If you cannot answer any particular interrogatory or request for production in full, after exercising due diligence to secure the information sought, so state and answer to the extent possible, specifying your inability to answer the remainder.

1

You are reminded that under the provisions of Rule 26(e) of the Federal Rules of Civil Procedure you are under a duty to seasonably supplement your responses.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these Interrogatories:

"You" and "Your" shall mean the Plaintiff and each of his attorneys, employees, agents, or representatives, and all other persons acting on his behalf.

"Person" shall mean any individual, partnership, firm, association, corporation or other business, governmental or legal entity.

"Document" shall mean any written, recorded, transcribed, punched, taped, filmed or graphic matter of any kind or description, however produced or reproduced.

"Address" shall mean the street number, street, city and state of subject person, business or other entity.

"Identify" or "Identification," when used with reference to a person, shall mean to state the full name and present or last known address of said person.

"Identify" or "Identification," when used with reference to a document, shall mean to state its date, author or signer, his address, type of document and all other means of identifying it, and its present or last known location or custodian; if any document was but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition.

## INTERROGATORIES AND REQUESTS FOR PRODUCTION

20.    When was the first time that you saw the vehicle in question after it had been allegedly stolen?

2

**ANSWER:**

21.     Describe in detail the appearance and condition of the vehicle in question the first time you saw that vehicle after it had been allegedly stolen.

**ANSWER:**

22.     Did you or anyone on your behalf take any photographs of the vehicle after it had been allegedly stolen, or do you posses in photographs taken by anyone after the vehicle had allegedly been stolen? If so, please produce those photographs.

**ANSWER:**

23.     In addition to the photographs requested in No. 22, please produce any other photographs, drawings, or other depictions of the vehicle that are in your possession.

**ANSWER:**

24.     When you parked the vehicle in question for the last time before it was allegedly stolen, please describe the manner in which the vehicle was parked.  For example, please state whether the vehicle was pulled straight in or backed in, whether the front or the rear of the vehicle was facing a curb, and please describe the surroundings of the vehicle, including but not limited to other cars parked around the vehicle.

**ANSWER:**

25.     Please identify any and all expert consultants or witnesses which you have consulted or retained to provide an opinion in connection with this case, state the opinion of that expert or experts, and state whether you expect that expert or experts to testify to such opinion in connection with this case.

**ANSWER:**

3

26.     Have you seen or been treated in any way by a psychiatrist, psychologist, or therapist in the past 10 years? If so, for what reason? Please identify each psychiatrist, psychologist, and therapist that you have seen in the last 10 years and produce copies of any and all records related to such treatment, or provide State Farm with a waiver allowing State Farm to obtain such records directly from such psychiatrist, psychologist, or therapist.

**ANSWER:**

27.     Please produce copies of any Max Federal Credit Union records relating to you or your wife for the last 5 years.

**ANSWER:**

JAMES B. NEWMAN (NEWMJ8049)
D. ANDREW STIVENDER (STIVD4909)
Attorneys for State Farm Fire and Casualty
Company

OF COUNSEL:
**HELMSING, LEACH, HERLONG,**
**    NEWMAN & ROUSE**
Post Office Box 2767
Mobile, Alabama  36652
(251) 432-5521

4

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing upon all parties to this cause, or their attorney of record, by placing same in the United States Mail, postage prepaid, and addressed to their regular mailing addresses, or by hand delivery, as follows:

> F. Tucker Burge
> Burge & Burge
> 2001 Park Place North, Suite 850
> Birmingham, Alabama  35203

done this 5 day of April ,2007.

OF COUNSEL

5



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARTIN O. LONG,                          )
                                         )
    Plaintiff,                           )         CIVIL ACTION NO.
                                         )
vs.                                      )         2:06CV816-MHT
                                         )
STATE FARM FIRE & CASUALTY               )
COMPANY, a corporation,                  )
                                         )
    Defendant.                           )

### PLAINTIFF'S ANSWERS TO DEFENDANT'S SECOND SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Comes now the Plaintiff in the above-styled cause and responds to Defendant State Farm

Fire & Casualty Company's Second Set of interrogatories and Requests for Production as

follows:

20.    When was the first time that you saw the vehicle in question after it had been

allegedly stolen?

**ANSWER:**

The first time that I personally saw my Corvette after it was stolen was sometime after

State Farm had denied my claim for the loss of the car under the automobile policy. Before

personally seeing the car, I had received some pictures of the damage to my car from Todd Smith

of State Farm. Before receiving those pictures, Todd Smith had told me about how badly my car

had been damaged and how completely it had been stripped.

21.    Describe in detail the appearance and condition of the vehicle in question the first

time you saw that vehicle after it had been allegedly stolen.

**ANSWER:**

When I first saw the car after it was stolen, the tops were missing, the seats were missing, the rims and tires that I had on the car were missing, the rims and tires that were on the car did not have all of the lug nuts, the passenger window was broken, the interior airconditioning vents were broken, the console was loose, the front bumper was scrapped and damaged, the steering wheel housing was off, the console between the seats was torn loose and there was probably other damage that I do not recall at this time.

22.    Did you or anyone on your behalf take any photographs of the vehicle after it had been allegedly stolen, or do you posses [sic] in photographs taken by anyone after the vehicle had allegedly been stolen? If so, please produce those photographs.

**ANSWER:**

The only photographs that I have of the car are those that State Farm sent to me.

23.    In addition to the photographs requested in No. 22, please produce any other photographs, drawings, or other depictions of the vehicle that are in your possession.

**ANSWER:**

I have no other photographs of the Corvette other than those that State Farm sent to me.

24.    When you parked the vehicle in question for the last time before it was allegedly stolen, please describe the manner in which the vehicle was parked. For example, please state whether the vehicle was pulled straight in or backed in, whether the front or the rear of the vehicle was facing a curb, and please describe the surroundings of the vehicle, including but not limited to other cars parked around the vehicle.

2

**ANSWER:**

As you face the motel entrance, my Corvette was parked in one of the spaces to the left of the entrance.

25.    Please identify any and all expert consultants or witnesses which you have consulted or retained to provide an opinion in connection with this case, state the opinion of that expert or experts, and state whether you expect that expert or experts to testify to such opinion in connection with this case.

**ANSWER:**

The expert declarations of Robert J. Sharp and Donal O'Shaugnessy have been previously provided.

26.    Have you seen or been treated in any way by a psychiatrist, psychologist, or therapist in the past 10 years? If so, for what reason? Please identify each psychiatrist, psychologist, and therapist that you have seen in the last 10 years and produce copies of any and all records related to such treatment, or provide State Farm with a waiver allowing State Farm to obtain such records directly from such psychiatrist, psychologist, or therapist.

**ANSWER:**

During the last ten years I have seen psychologists and/or psychiatrists at the Veterans Administration Hospital in Montgomery. The substance of any communications and the records containing those communications are privileged.

27.    Please produce copies of any Max Federal Credit Union records relating to you or your wife for the last 5 years.

**ANSWER:**

3

The Plaintiff has already produced the Max Federal Credit Union records.

_Martin O' Long_
MARTIN O. LONG

Sworn to and subscribed before me this

_17_ day of May, 2007.

_Jane N. Blalock_
Notary Public

My Commission Expires: _5/11/2010_

**OF COUNSEL:**

BURGE & BURGE
850 Park Place Tower
2001 Park Place North
Birmingham, AL   35203
(205)251-9000

### CERTIFICATE OF SERVICE

I hereby certify that I have this _17_ day of May, 2007, served a copy of the above and foregoing upon all counsel of record by placing a copy of same in the United States Mail, postage pre-paid and properly addressed to:  James B. Newman, Helmsing, Leach, Herlong, Newman & Rouse, Post Office Box 2767, Mobile, AL 36652.

_J. Tucker Burge_
OF COUNSEL

4

# Helmsing, Leach, Herlong, Newman & Rouse, P.C.

phone: 251-432-5521
facsimile: 251-432-0633

MAILING ADDRESS                      File #14616                      STREET ADDRESS
POST OFFICE BOX 2767                                                  SUITE 2000 LACLEDE BLDG.
MOBILE, ALABAMA 36652                                                 150 GOVERNMENT STREET
                                                                      MOBILE, ALABAMA 36602

## *F A C S I M I L E   T R A N S M I S S I O N*

**EXHIBIT**

**"C"**

**TO**       :    F. Tucker Burge, Esq.       205-323-0512

**FROM**     :    Andy Stivender, Esq.

**DATE**     :    May 24, 2007

**RE**       :    Martin O. Long vs. State Farm

**NUMBER OF PAGES:** 2 (including transmittal page)

If you do not receive all of the pages in this transmittal, please call Kara Knox at (251) 432-5521.

UNLESS OTHERWISE INDICATED OR OBVIOUS FROM THE NATURE OF THE TRANSMITTAL, THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR OR ARE NOT SURE WHETHER IT IS PRIVILEGED, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE AT OUR EXPENSE. THANK YOU.

# HELMSING, LEACH, HERLONG, NEWMAN & ROUSE

FREDERICK G. HELMSING *
JOHN N. LEACH
WARREN C. HERLONG, JR.
JAMES B. NEWMAN
ROBERT H. ROUSE
JOSEPH P. H. BABINGTON **
R. ALAN ALEXANDER
JOHN T. DUKES
JEFFERY J. HARTLEY
J. CASEY PIPES
RUSSELL C. BUFFKIN
PATRICK C. FINNEGAN †
LESLIE G. WEEKS *
LOUISA LONG STOCKMAN
CHRISTOPHER T. CONTE ‹
THOMAS RYAN LUNA
D. ANDREW STIVENDER

A PROFESSIONAL CORPORATION

LAWYERS

150 GOVERNMENT STREET

MOBILE, ALABAMA

May 24, 2007

Email:  jbn@helmsinglaw.com
        das@helmsinglaw.com

MAILING ADDRESS
POST OFFICE BOX 2767
MOBILE, ALABAMA 36652

STREET ADDRESS
SUITE 2000 LACLEDE BUILDING
150 GOVERNMENT STREET
MOBILE, ALABAMA 36602

TELEPHONE (251) 432-5521
TELECOPIER (251) 432-0633

www.helmsinglaw.com

*  ALSO ADMITTED IN FLORIDA
** ALSO ADMITTED IN LOUISIANA
†  ALSO ADMITTED IN NEW YORK
‹  ALSO ADMITTED IN MISSISSIPPI

**VIA FACSIMILE:  (205) 323-0512**

F. Tucker Burge, Esq.
Burge & Burge
2001 Park Place North, Suite 850
Birmingham, Alabama  35203

Re:    Martin O. Long vs. State Farm Fire and Casualty Company
       Our File Number:  14616

Dear Tucker:

I have received your client's responses to our second set of discovery requests.  The response to interrogatory No. 24 is incomplete.  In that interrogatory, we ask:

"When you parked the vehicle in question for the last time before it was allegedly stolen, please describe the manner in which the vehicle was parked.  For example, please state whether the vehicle was pulled straight in or backed in, whether the front or the rear of the vehicle was facing a curb, and please describe the surroundings of the vehicle, including but not limited to other cars parked around the vehicle."

Your client's response is: "As you face the motel entrance, my Corvette was parked in one of the spaces to the left of the entrance."

As you can see, Mr. Long fails to completely answer the interrogatory.  In an attempt to comply with the rule requiring the parties to attempt in good faith to confer in order to resolve discovery issues, I have attempted to contact you by telephone to discuss this matter.  I have left more than one message, but I have not heard from you.  Please call me or Jim Newman to discuss.  If we do not hear from you by Tuesday, May 29, we will have to file a motion to compel.

Very truly yours,

ANDY STIVENDER

MESSAGE CONFIRMATION

05/24/2007  09:05
ID=HELMSING LEACH HERLONG NEWMAN &

| DATE | S.R-TIME | DISTANT STATION ID | MODE | PAGES | RESULT | |
|------|----------|--------------------|----- |-------|--------|---|
| 05/24 | 00'33" | 205 322 0512 | TX | 02 | OK | 0000 |

05/24/2007    09:04    HELMSING LEACH HERLONG NEWMAN & → 828#14616##912053230512#  NO.453    001

# Helmsing, Leach, Herlong, Newman & Rouse, P.C.
phone: 251-432-5521
facsimile: 251-432-0633

MAILING ADDRESS                    File #14616                    STREET ADDRESS
POST OFFICE BOX 2767                                              SUITE 2000 LACLEDE BLDG.
MOBILE, ALABAMA 36652                                            150 GOVERNMENT STREET
                                                                 MOBILE, ALABAMA 36602

*F A C S I M I L E   T R A N S M I S S I O N*

**TO**      :    F. Tucker Burge, Esq.      205-323-0512

**FROM**    :    Andy Stivender, Esq.

**DATE**    :    May 24, 2007

**RE**      :    Martin O. Long vs. State Farm

**NUMBER OF PAGES:** 2 (including transmittal page)



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARTIN O. LONG, )
)
    Plaintiff, )        **CIVIL ACTION NO.**
)
vs. )        **2:06CV816-MHT**
)
STATE FARM FIRE & CASUALTY )
COMPANY, a corporation, )
)
    Defendant.

## PLAINTIFF'S ANSWERS TO INTERROGATORIES AND RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

1.    You have alleged in your Complaint that on or about February 19, 2005, you made a claim with State Farm for benefits under your automotive policy, and that State Farm denied said claim:

    a.    State each and every fact upon which you rely in support of said allegation; identify each and every document upon which you rely in support of said allegation, and identify by name, home address, business address, place of employment and job title, each and every person having knowledge or information upon which you rely in giving your answers to this interrogatory and state the knowledge or information each person has.

    b.    Please produce any and all documents relating to the information requested in this interrogatory.

**ANSWER:**

On the first page of its Answer, Defendant State Farm admits that it issued an automobile policy covering the Plaintiff's car, that the Plaintiff submitted a claim under the policy and that Defendant State Farm denied the claim.

2.     You have alleged in your Complaint that you "enhanced" your insured vehicle (2000 Chevrolet Corvette):

      a.     State each and every fact upon which you rely in support of said allegation; identify each and every document upon which you rely in support of said allegation, and identify by name, home address, business address, place of employment and job title, each and every person having knowledge or information upon which you rely in giving your answers to this interrogatory and state the knowledge or information each person has.

      b.     Please produce any and all documents relating to the information requested in this interrogatory.

**ANSWER:**

The Plaintiff enhanced his car from the time he bought it until it was stolen in the following ways: replacing all tire rims, replacing all tires, aligning the wheels, replacing a tie rod, adding a Corvette logo accessory and ordering louvers for the tail lights. The Plaintiff, the employees at Big Ten Tire in Prattville, the employees where he bought the rims in Birmingham, Donald Long, Victor Long and Walter Crosby may have knowledge or information about these enhancements. The receipts for the $1,572.14 the Plaintiff paid to Big Ten Tire are attached.

2

3.    You have alleged in your Complaint that, on or about February 2005, you took a trip to Georgia and stayed at the Country Hearth Inn, where you parked your car under some lights and in view of security cameras:

      a.    State each and every fact upon which you rely in support of said allegation; identify each and every document upon which you rely in support of said allegation, and identify by name, home address, business address, place of employment and job title, each and every person having knowledge or information upon which you rely in giving your answers to this interrogatory and state the knowledge or information each person has.

      b.    Please produce any documents relating to the information requested in this interrogatory.

**ANSWER:**

Plaintiff has firsthand, personal knowledge that he traveled in his Corvette to the Country Hearth Inn in Lithonia, Georgia, and parked under some lights and in view of security cameras. Valerie Ware Temple was with Plaintiff on this trip and saw where he parked the car before it was stolen. Ricky Rhodes, Sandy Ware and Felicia Flowers saw where Plaintiff parked the Corvette before it was stolen. Plaintiff is sure the Country Hearth Inn has a record that he stayed at the hotel and reported his car stolen.

4.    You have alleged in your Complaint that your insured vehicle was stolen:

      a.    State each and every fact upon which you rely in support of said allegation; identify each and every document upon which you rely

3

in support of said allegation, and identify by name, home address,

business address, place of employment and job title, each and every

person having knowledge or information upon which you rely in

giving your answers to this interrogatory and state the knowledge

or information each person has.

b.    Please produce any documents relating to the information

requested in this interrogatory.

**ANSWER:**

The Plaintiff knows that he left his car in the hotel parking lot, that the car was not there

the next morning, that he did not give anyone permission to take his car and that he has no idea

who took his car without his knowledge or permission; in short, he knows that his car was stolen.

Valerie Ware Temple knows that the Plaintiff left his car in the hotel parking lot, that the car was

not there the next morning, that the Plaintiff did not leave the hotel room between the time he

entered it immediately after parking the car and when they learned that it was gone, that the

Plaintiff was upset when he learned that his car was stolen and that he immediately reported the

theft to the hotel, the police and his insurance. Ricky Rhodes, Sandy Ware and Felicia Flowers

know that the Plaintiff left the car in the hotel parking lot, that the car was missing the next day,

that the Plaintiff was upset to learn that his car had been stolen and that he immediately reported

the theft to the hotel, the police and his insurance. The hotel staff, police and Defendant State

Farm know that the Plaintiff reported the theft of his car. The police reports and insurance claim

information relating to this stolen car are already in the possession of the Defendant.

5.    You have alleged in your Complaint that, when your insured vehicle was

4

recovered, it was severely damaged and that your personal items that had been in the car were missing:

      a.     State each and every fact upon which you rely in support of said allegation; identify each and every document upon which you rely in support of said allegation, and identify by name, home address, business address, place of employment and job title, each and every person having knowledge or information upon which you rely in giving your answers to this interrogatory and state the knowledge or information each person has.

      b.     Please produce any documents relating to the information requested in this interrogatory.

### ANSWER:

The Plaintiff's car was in excellent condition and in perfect working order when he left it in the hotel parking lot. When the police finally recovered the Plaintiff's car it had been stripped. The seats were gone. The top was gone. The passenger window was broken. The ignition cylinder and steering column were damaged. Parts of the dash and console had been removed. Air conditioner vents were broken. The brake fluid had been drained and brake system components were missing or disabled. The front bumper area was damaged. The interior was rain-damaged. The Plaintiff's personal items were gone.

The Plaintiff, General Long, Walter Crosby, David Carrera, the police who found the stolen car, the storage facility personnel, Todd Smith and others saw that the Plaintiff's car had been stripped and damaged.

The Defendant's claim file contains a number of references to the damaged condition of the Plaintiff's car after it was recovered.

6.     You have alleged in your Complaint that State Farm "delayed and delayed" its decision on your claim and did not interview all of the available witnesses to the alleged theft:

      a.     State each and every fact upon which you rely in support of said allegation; identify each and every document upon which you rely in support of said allegation, and identify by name, home address, business address, place of employment and job title, each and every person having knowledge or information upon which you rely in giving your answers to this interrogatory and state the knowledge or information each person has.

      b.     Please produce any documents relating to the information requested in this interrogatory.

**ANSWER:**

  The Plaintiff reported the theft of his car to Defendant State Farm on February 19, 2005, soon after he found that his car had been stolen. The Defendant knew of the severe damage to the car by February 28, 2005. The Defendant had the Plaintiff's statements, outline of claimed loss and financial information by March 31, 2005. The Defendant had Valerie Ware-Temple's statement by April 18, 2005. In his letter to Ms. Ware-Temple on that date, State Farm claim representative Todd Smith acknowledges that he had been advised that a second set of keys may have been in the vehicle, that Felicia Flowers discovered that the car was missing and that there was broken glass where the Plaintiff had parked the car, and that the Plaintiff had personal items

6

in the car. The Defendant's activity log reflects no attempt to speak to any witness to the theft

between April 19, 2005, and June 16, 2005. The Defendant never did interview Felicia Flowers

or Sandy Ware. The Defendant's activity reflects no attempt was ever made to contact Ms.

Flowers only mentions trying to contact Sandy Ware on June 16, 2005. The Defendant's claim

file contains no itemization of damage to the Plaintiff's car which sets forth the costs of repair,

the anticipated labor costs or the salvage value. Defendant State Farm did not issue a decision on

the claim until June 29, 2005. In a letter dated June 29, 2005, State Farm team manager Tony

Nix stated that the Defendant was denying the claim after a "comprehensive" investigation based

on its determination that "the destruction of the insured vehicle was by or at the direction of an

insured" and that the Plaintiff "misrepresented material facts in the presentation of his claim."

Despite a request to specifically state the material misrepresentations it alleged in its letter, the

Defendant never did so.

      7.    You have alleged in your Complaint that you do not know who stole your car,

who damaged your car, or who stole the contents of your car:

          a.    State each and every fact upon which you rely in support of said

allegation; identify each and every document upon which you rely

in support of said allegation, and identify by name, home address,

business address, place of employment and job title, each and every

person having knowledge or information upon which you rely in

giving your answers to this interrogatory and state the knowledge

or information each person has.

          b.    Please produce any documents relating to the information requested in this

interrogatory.

## ANSWER:

The Plaintiff does not know who stole his car, damaged his car and stole the contents. Valerie Ware-Temple knows that the Plaintiff did not leave the room between parking the car and finding out that it had been stolen.

8.    You have alleged in your Complaint that State Farm's representatives falsely accused you of criminal conduct:

   a.    State each and every fact upon which you rely in support of said allegation; identify each and every document upon which you rely in support of said allegation, and identify by name, home address, business address, place of employment and job title, each and every person having knowledge or information upon which you rely in giving your answers to this interrogatory and state the knowledge or information each person has.

   b.    Please produce any documents relating to the information requested in this interrogatory.

## ANSWER:

In a letter on State Farm stationary that is dated June 29, 2005, State Farm team manager Tony Nix stated that "the destruction of the insured vehicle was by or at the direction of the insured." That statement is an absolute lie. The Plaintiff neither destroyed his car nor directed others to do so. The Plaintiff has no idea who stole and stripped his car. The Defendant's false assertion labels the Plaintiff as a thief, a criminal conspirator and a defrauder when in reality he is

8

the victim of a crime.

9.    You have alleged in your Complaint that State Farm breached a valid insurance contract:

> a.    State each and every fact upon which you rely in support of said allegation; identify each and every document upon which you rely in support of said allegation, and identify by name, home address, business address, place of employment and job title, each and every person having knowledge or information upon which you rely in giving your answers to this interrogatory and state the knowledge or information each person has.
>
> b.    Please produce any documents relating to the information requested in this interrogatory.

**ANSWER:**

In its Answer, Defendant State Farm admits that it issued an automobile insurance policy that covered the Plaintiff's car and that the Plaintiff purchased this policy through Mike Devers Insurance Agency in Millbrook. The Defendant admits that the Plaintiff submitted a claim under the policy which it denied.

The theft and destruction of the Plaintiff's car by unknown criminals was a loss covered by the insurance contract. The Plaintiff lived up to his end of the insurance contract by paying the premiums charged by Defendant State Farm. When it accepted the Plaintiff's premium payment and issued the policy, the Defendant State Farm promised to pay for the Plaintiff's car if it was stolen or damaged. The Defendant State Farm has breached the insurance contract by

9

refusing to honor and pay this valid claim.

10.    You have alleged in your Complaint that State Farm violated a duty of good faith and fair dealing:

a.    State each and every fact upon which you rely in support of said allegation; identify each and every document upon which you rely in support of said allegation, and identify by name, home address, business address, place of employment and job title, each and every person having knowledge or information upon which you rely in giving your answers to this interrogatory and state the knowledge or information each person has.

b.    Please produce any documents relating to the information requested in this interrogatory.

**ANSWER:**

Every policy of insurance contains a duty implied by law of good faith and fair dealing. This duty requires that insurance companies not interfere with their insured's rights to receive the benefits of the policy.

In this case, Defendant State Farm breached its duty of good faith and fair dealing to the Plaintiff. It did not properly investigate this claim. The results of its claim were not subjected to a reasoned and informed evaluation and review before the claim was denied. It did not treat the Plaintiff's interests with equal regard as its own interests. It treated the claims process with the Plaintiff as adversarial and competitive in nature. It did not fully, fairly and promptly evaluate and adjust the claim. It denied the claim based upon insufficient information, speculation and a

10

biased, one-sided outlook. Throughout the claims process, it exhibited a reckless indifference to the facts. In denying the claim, it did not give a written explanation pointing to facts, despite being requested to do so.

Defendant State Farm's claim file reflects that the Defendant entered the process of adjusting this claim with a biased, one-sided view toward denying the claim and that it systematically ignored facts that the Plaintiff's claim was valid and due to be paid. The Plaintiff reported his loss to the Defendant on February 19, 2005, and the Defendant referred the claim to its Special Investigation Unit six days later. The Special Investigation Unit is where claims are sent that the Defendant believes are fraudulent. The Defendant did not interview the Plaintiff concerning what happened in any detail before referring his claim to its "claim denial for fraud" unit nor had it examined the car. The Property Loss Preliminary Report created on March 4, 2005, proves the Defendant had already assumed a position adverse to the Plaintiff's claim based on its speculations that he participated in the theft of his car. The Defendant's preliminary report lists nine reasons/indicators for referring the Plaintiff's claim to its "special claim denial for fraud unit." None of the listed reasons/indicators concern an eyewitness claiming to know that the Plaintiff stole or arranged the theft of his car. One of the listed reasons says that the Plaintiff delayed reporting the theft to the police, yet the police incident report and the Defendant's own claim activity log confirm that the Plaintiff reported the theft the morning that he discovered that his car was gone. Another listed reason is that the Plaintiff "was unable to provide all of the keys to his vehicle." However, the Defendant's claim file shows that the claim had been referred to its claim denial for fraud unit before it asked the Plaintiff for keys. Moreover, on the subject of keys, the Defendant knew within the first month after receiving the claim that the dealership

11

recalled the Plaintiff was given just one key to the vehicle and that any second set of keys that might have existed may have been in the car at the time it was stolen, stripped and ransacked. Other facts listed as reasons for referring this claim to the deny for fraud unit is that the Plaintiff is disabled from the Army, the car was recently purchased, the Plaintiff recently settled a lawsuit for an on-the-job injury, the Plaintiff was divorcing from his wife, the Plaintiff had a prior claim involving his car being shot, the Plaintiff had expensive personal items in the car when it was stolen and he was "unemployed." The policy does not mention any of these factors as legitimate reasons paying a claim if the insured car is stolen, and the Defendant did not mention that such factors might be considered to deny him coverage if his car was stolen when it accepted the Plaintiff's premium payment. Suggesting that the Plaintiff is a person prone to lying, cheating and committing insurance fraud because he is a disabled veteran, a crime victim, divorcing, etc., is sheer stereotyping and not a legitimate excuse to deny coverage.

The Defendant State Farm slanted and directed its processing to deny this claim. For example, the Defendant claims to "know" that the insured "is unable to explain [the] whereabouts" of a second set of keys to the stolen car. In fact, the Defendant knew: (1) the dealer believed that the Plaintiff only got one set of keys to the car; (2) the Plaintiff told the adjuster that a second set of keys may have been inside the car when it was stolen; (3) the hotel clerk heard the Plaintiff mention having keys in the car; and (4) Valerie Ware-Temple told the adjuster that the Plaintiff mentioned to her that a second set of keys may have been in the car when it was stolen. That the Plaintiff does not know the whereabouts of such keys now is hardly surprising; he has no idea who stole his car, the seats, the tops or other contents.

The Defendant claims that the Plaintiff had a financial motive to conspire to have his car

12

stolen and destroyed, yet he could have gotten more money faster by just selling the car. Also, the Plaintiff was not in financial distress. He received a disability check each month that more than covered his modest living expenses, the prospects for an increased disability award were good, he had paid off most of his debts with the proceeds of his on-the-job injury settlement, he had satisfied his financial commitments relating to the divorce agreement and he owned the car free and clear.

Defendant State Farm refused to believe or neglected to develop facts supporting the validity of the Plaintiff's claim. These facts included the following: the Plaintiff had a longstanding desire to purchase a car like the one that he bought from City Auto Sales on February 4, 2005; he spent hours searching for just the right one; he was proud of his car; he enjoyed driving the car and showing it to his friends; he had no remorse, regrets or second-thoughts after buying the car; he enjoyed enhancing the car and adding to its value; he had never offered to sell the car; he had no desire to sell the car; he was financially solvent and his income exceeded his bills; he parked the car where he thought it would be safe; he went into his hotel room after parking the car and did not leave the room until learning that he car was missing; there was broken glass on the ground at the place where the car had been; he was visibly upset that his car was missing; he asked the hotel clerk if he saw what happened to his car; he asked if the hotel security cameras could be accessed to find out what happened to his car; he reported the theft to the police; he reported the theft to the Defendant; he has never been accused of or convicted of theft, criminal conspiracy or fraud; and, he was understandably upset when the Defendant State Farm labeled him a thief, criminal conspirator and defrauder. By ignoring and neglecting to develop these facts and others, Defendant State Farm acted in reckless indifference

13

in denying the Plaintiff's claim and labeling him a thief.

Defendant State Farm denied the Plaintiff's claim without a single witness stating that they saw him take the car from the parking lot, that he was present when the car was taken from the parking lot or that he was heard arranging the theft. The Defendant's claim file contains no mention of any efforts to obtain fingerprints or other evidence from inside the car to try to identify who was responsible. The Defendant's claim file contains no mention of the volume of other automobile thefts in the area. The Defendant ignored the hotel clerk's report that another car was broken into the week after the Plaintiff's was stolen and that he told the police that there was a serious problem so that more patrolling at night was needed.

The Defendant did not deal with the Plaintiff's claim in good faith from the outset. It sent the claim for fraud unit review before discussing the claims with the Plaintiff. It treated the Plaintiff's reluctance to involve his companion for the weekend as proof that he stole his car when in fact her evidence showed that he could not have. It claimed he was in financial trouble when he was solvent and debt free. It disregarded all facts favorable to the Plaintiff in favor of speculation that he was a thief and a cheat. It led him to believe that it was actively working to resolve his claim when all it was doing was going through motions before denying the case. It never advised the Plaintiff that his claim had been red-flagged and referred to the unit that denies clams it chooses to call fraudulent. It did not even remotely treat the Plaintiff's interest with equal regard to its own.

11.    You have alleged in your complaint that State Farm had no reasonably legitimate, arguable or debatable reason for its denial of the claim:

        a.    State each and every fact upon which you rely in support of said

14

allegation; identify each and every document upon which you rely

in support of said allegation, and identify by name, home address,

business address, place of employment and job title, each and every

person having knowledge or information upon which you rely in

giving your answers to this interrogatory and state the knowledge

or information each person has.

    b.    Please produce any documents relating to the information

requested in this interrogatory.

**ANSWER:**

See response to Interrogatory 10.

    12.    You have alleged in your complaint that State Farm intentionally failed to

determine whether there was a reasonably legitimate, arguable or debatable reason to pay the

claim:

    a.    State each and every fact upon which you rely in support of said

allegation; identify each and every document upon which you rely

in support of said allegation, and identify by name, home address,

business address, place of employment and job title, each and every

person having knowledge or information upon which you rely in

giving your answers to this interrogatory and state the knowledge

or information each person has.

    b.    Please produce any documents relating to the information

requested in this interrogatory.

15

**ANSWER:**

See response to interrogatory 10.

13.    You have alleged in you Complaint that State Farm failed to properly investigate the claim, that its investigation was unduly biased, and that the results of the investigation were not subjected to a reasoned and informed evaluation and review:

        a.    State each and every fact upon which you rely in support of said allegation; identify each and every document upon which you rely in support of said allegation, and identify by name, home address, business address, place of employment and job title, each and every person having knowledge or information upon which you rely in giving your answers to this interrogatory and state the knowledge or information each person has.

        b.    Please produce any documents relating to the information requested in this interrogatory.

**ANSWER:**

See response to interrogatory 10.

14.    Please describe in detail the type and dollar amount of damages you allege that you are entitled to in this action.

        a.    State each and every fact upon which you rely in support of said allegation; identify each and every document upon which you rely in support of said allegation, and identify by name, home address, business address, place of employment and job title, each and every

person having knowledge or information upon which you rely in

giving your answers to this interrogatory and state the knowledge

or information each person has.

b.      Please produce any documents relating to the information

requested in this interrogatory.

**ANSWER:**

Automobile damage and loss:  $27,500.00 to $30,000.00

Stolen personal items:  $5,000.00

Travel expenses:  $400.00

Loss of use of car:  $8,500.00 to $12,000.00

Mental and emotional distress:  $100,000.00 to $200,000.00

Punitive damages:  $500,000.00 to $800,000.00

15.      Have any photographs been taken of you, the scene of the incident referred to in

the Complaint, or the vehicle involved in the incident referred to in the Complaint? If so, for each

such photograph, respectively, state the name, address and occupation of the photographer; the

name and address of each person who was present when the photograph was taken; the name and

address of the person who suggested, ordered or authorized that such photograph(s) be taken; the

date and place where each such photograph was taken; and the name and address of each person

who has custody, possession or control of a copy, negative or original of each such photograph.

a.      Please produce any such copy, negative or original

photograph to your answers to these interrogatories for

inspection and reproduction. Said copy, negative or original

17

photograph will be returned to you forthwith.

**ANSWER:**

None at this time.

16.    Have you ever been convicted of a crime, whether felony or misdemeanor? If so, state the exact charge for which you were convicted and when you were convicted.

**ANSWER:**

None other than traffic tickets.

17.    State the name and address of each person you may expect to call as an expert witness at the trial of this matter and further state the subject matter on which each such expert is expected to testify.

**ANSWER:**

Plaintiff will identify his expert witnesses in accordance with the Court's Scheduling Order.

18.    State whether you had consumed any alcohol or drugs of any kind during the (24) hour period immediately prior to the alleged theft; if so, state the type of drug you consumed, the quantity consumed and when and where same were twenty-four alcohol or consumed.

**ANSWER:**

No.

19.    Produce all documents and any other tangible items which would tend to prove, disprove or relate to any of the allegations in your Complaint not specifically requested above.

**RESPONSE:**

The Defendant State Farm has copies of all of the documents that the Plaintiff has

18

relating to his purchase of the car, financial condition, divorce and so forth because he gave them to its representatives months before it declined his claim. A copy of the Defendant's certification of the Plaintiff's policy is attached. A U-haul bill to retrieve the damaged car is attached.

_Martin O' Long_
MARTIN O. LONG

Sworn to and subscribed before me this

_14th_ day of February, 2007.

Notary Public

My Commission Expires: _10-03-10_

**OF COUNSEL:**

BURGE & BURGE
850 Park Place Tower
2001 Park Place North
Birmingham, AL   35203
(205)251-9000

## CERTIFICATE OF SERVICE

I hereby certify that I have this _20th_ day of February, 2007, served a copy of the above and foregoing upon all counsel of record by placing a copy of same in the United States Mail, postage pre-paid and properly addressed to: James B. Newman, Helmsing, Leach, Herlong, Newman & Rouse, Post Office Box 2767, Mobile, AL 36652.

_F. Tucker Burge_
OF COUNSEL

19

Contract Receipt

| **U-HAUL EQUIPMENT CONTRACT** | **One-Way Return (IN)** |
| --- | --- |

Contract Number: 00241099
Wednesday 07/13/05 6:08PM

TRACKSIDE CAFE (002622)   5949 COOSADA RD (334)285-
   COOSADA AL,   8719
   36020

MARTIN LONG
2752 CAROLINE DR
MILLBROOK, AL 36054

334-202-9599

**Rental Date/Time:** 07/13/2005 10:53AM
**Return Date/Time:** 07/13/2005 5:00PM
**Days Allowed:** 2   **MI Allowed:** 210.0
**Dispatching Dealer:** 776054

| Equipment | MI Out | MI In | MI Rate | MI Charge | SafeMove/Tow | Missing/Damage Charge: | Rental Rate | Rental Charge | Tax: | Actual Charges |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 14' TRUCK DC 1509E Plate: AB02205 State: AZ | 161463.0 | 161652.0 | $0.40 X 0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| AUTO TRANSPORT AT 5870K Plate: YD707U State: FL | | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

E | ¼ | ½ | ¾ | F

I confirm that this marked gauge reading corresponds with the gauge reading on the truck. Customer Initials _____

**Total Charges:**   $0.00

**Previous Paid:** $0.00

**Net Paid Today:**   $0.00

I AGREE TO PAY ABOVE TOTAL AMOUNT ACCORDING TO CARD ISSUER AGREEMENT.

I AGREE THAT COMPLETION OF THIS RENTAL AGREEMENT DOES NOT RELIEVE ME OF MY OBLIGATION FOR OTHER CHARGES FOR WHICH I AM RESPONSIBLE, INCLUDING BUT NOT LIMITED TO: CHARGES FOR EXTRA MI/KM, EXTRA DAYS, MISSING OR DAMAGED EQUIPMENT, PARKING TICKETS, ETC.

MY SIGNATURE BELOW ACKNOWLEDGES MY ACCEPTANCE OF THESE TERMS AND PROVIDES AUTHORIZATION FOR ADDITIONAL CHARGES TO MY CREDIT CARD.

During the term of my rental there was not an accident involving the rental equipment and no other incidence where the equipment struck or otherwise caused damage to any person or property either while on a public road or private property. There was also no injury or damage sustained by me, or anyone using the equipment.

X_____   X_____
   Customer Signature      UHaul Signature - ()

Get moving labor to load/unload your U-Haul. Visit emove.com or call 1-866-MY-EMOVE

# State Farm Mutual Automobile Insurance Company



Alabama-Mississippi Office
100 State Farm Parkway
P.O. Box 2661
Birmingham, Alabama  35297-0001

## CERTIFICATE

I, the undersigned, do hereby certify that I am custodian of the records pertaining to the issuance of policies by the Alabama Division of State Farm Fire and Casualty Company of Bloomington, Illinois.

I further certify that the attached policy number 88 6750-B04-01 is a copy of the policy issued to Martin O Long, 2752 Caroline Dr, Millbrook AL 36054-4103, based on our available records.

The policy was in effect on the loss date of February 19, 2005.

Cathy Sims
Auto Underwriting Team Manager

State of :    Alabama

County of:   Jefferson

Subscribed and sworn to before me this 19th day of May, 2005.

Notary Public

My Commission Expires:

December 31, 2005

HOME OFFICE: BLOOMINGTON, ILLINOIS